TERRITORY *ex rel.* GRAY V. DISTRICT COURT.

1. WRIT OF CERTIORARI—NOT GRANTED WHILE PROCEEDING PENDING.
    A writ of *certiorari* cannot be granted and a review had by this
    court of proceedings had in the district court, so long as such proceed-
    ings remain undisposed of, and not finally determined in that court.

Filed October 4, 1886.

Writ of *certiorari* to the district court of Sixth judicial dis-
trict, and WILLIAM H. FRANCIS, Judge.

*Dodge & Camp* and *Nickeus & Baldwin,* for plaintiffs.

A special appearance to object to the jurisdiction of the
court, does not waive service of summons. Newlove v. Wood-
ward, 4 N. W. Rep. 237; 5 N. W. Rep. 1034; Schwab v. Mab-
ley, 11 N. W. Rep. 294.

"The appointment of receivers in equity takes the place of
attachment proceedings at law." Todd v. Lee *et al.* 15 Wis.
365.

An order appointing a receiver, where no action is pending,
is absolutely void. Jones v. Shall, 8 N. W. Rep. 68.

Merchants and Manufacturers Bank v. Kent, 5 N. W. Rep.
627; Maynard v. Railey, 2 Nev. 313; Curtis v. Leavitt, 1 Abb.
Pr. 274; 10 How. Pr. 481; Fellows v. Herman; 13 Abb. Pr.
(U. S.) 1; High on Receivers, Sec. 23; Cattenstroth v. Astor
Bank, 2 Duer 632; McArtey v. Peake, 9 Abb. 164; Case of
French Bank, 53 Cal. 533.

Where suit is instituted in a court without jurisdiction and
the court is afterward invested with jurisdiction in the case,
this subsequent investure does not cure the prior defect, since,
without jurisdiction, all acts are not voidable but void abso-
lutely. Mora v. Kusac, 12 La. 754.

*Certiorari* is the proper remedy in such cases, the matter
not being reviewable on appeal. Commonwealth v. Blue Hill
Turnpike, 5 Mass. 420; Hawthorne v. McGuire, 1 Harr. (Del.)
530; State v. Thompson, 2 N. H. 237; Starr v. Trustees of
Rochester, 6 Wend. 564; Cowen's Case, 1 Overt. 311; State v.
Pownall, 10 Me. 24; State v. Huntington, 1 Treadw. (S. C.) 325.

*Certiorari* is the proper remedy to remove a cause for review before judgment, as the remedy by writ of error is after judgment. Commonwealth v. Simpson, 2 Grant (Penn.) Cas. 438.

*Certiorari* is the proper remedy where no notice has been given to parties before adjudicating on their rights. Commissioner v. Clew, 15 John. 537; Commonwealth v. Chase, 2 Mass. 170; Commonwealth v. Cambridge, 4 Mass. 627; State v. Baring, 8 Me. 137.

*Certiorari* will lie in summary proceedings, in all cases where a court acts in a summary manner extra judicially, or in a new course different from that authorized by law. Tierney v. Dodge, 9 Minn. 166; Ackermann v. Taylor, 8 N. J. L. 268; Commonwealth v. Ellis, 11 Mass. 466; Bathbridge, etc. Co. v. Magoun, 8 Me. 293; Milwaukee Iron Co. v. Schubel, 29 Wis. 444; Sec. 685 Code Civil Procedure.

The appeal court acquires only such jurisdiction with respect to the matters sought to be reviewed as the inferior court has in the first instance. Wells on Jurisdiction of Courts, Sec. 65; Cooban v. Bryant, 36 Wis. 605; Felk v. Felk, 19 Wis. 208.

*S. L. Claspell* and *White & Hewitt*, for defendant.

The writ of *certiorari* was improperly granted in the name of the territory. People *ex rel.* v. County Judge, 40 Cal. 479; High ex. Legal Remedies, Sec. 430; State v. Commissioners, 11 Kan. 66; Hagerty v. Arnold, 13 Kan. 367; State v. Faulkner, 29 Kan. 541; Code Civil Procedure, Chap. 34, Sec. 683, 713; U. P. R. R. Co. v. Hall, 91 U. S. 355.

The question of jurisdiction in this proceeding has been prematurely brought before this court. Le Roux v. Bay Circuit Judge, 8 N. W. 100; Wilson v. Supervisors, 3 Cal. 386.

The supreme court will not issue a writ to remove into that court proceedings pending or undetermined before an inferior court or tribunal. Grinager v. Supervisors, 22 N. W. 174; Lynde v. Noble, 20 Johns. 80; Devlin v. Plate, 20 How. Pr. 167; Haines v. Backus, 4 Wend. 213; People v. Peabody, 26 Barb. 437.

We claim the action was pending, according to usages of courts of equity, from the time of filing a complaint, and under the statute from the allowance of the provisional remedy, Code of C. P. Sec. 108, a receiver may be appointed in an extreme case without service of summons or notice of application. Gibson v. Martin, 8 Paige, 481; Verplanck v. Mercantile Ins. Co., 2 Paige, 438; High on Receivers, Sec. 117.

A court can acquire a limited jurisdiction in an action by the allowance of a provisional remedy. Waldron v. C. & N. W. R. R. Co., 1 Dak. 363; Code C. P., Sec. 108; Matter of Fort Plain v. Plank Road Co., 3 Code R. 148; Moore v. Thayer, 6 How. (S. C.) 47, 10 Barb. 258.

Jurisdiction is acquired from the time of the allowance of the provisional remedy. Treadwell v. Lawlor, 15 How. 8; Burkhardt v. Sandford, 7 How. 329; 13 Barb. 412; 37 How. 119; 36 How. 540; Sec. 219 Code C. C. P., Par. 6.

Receivers may be appointed in cases where they have heretofore been appointed by the usages of courts of equity.

W. E. CHURCH, J. On the ninth day of April, 1886, one of the attorneys for the relators appeared before the chief justice with an affidavit made by the relator Robert H. Gray, April 6, 1886, stating substantially that the relators were partners doing business under the name of the "Mouse River Cattle Company;" that on or about March 20th said WILLIAM H. FRANCIS, as such judge, made an order appointing one Jesse A. Frye a receiver of all the property, assets, and effects of said copartnership." a copy of which order was annexed to the affidavit; that, as affiant was informed and believed, said order was made "upon the presentation of a complaint and affidavits purporting to have been commenced and to be then pending in said district court, wherein one Casseus M. Carr, James R. Winslow, and Samuel L. Glaspell were named as plaintiffs, and the relators and one Edwin A. Rowley and one Albert Hermance were named as defendants, copies of which complaint and affidavits were also annexed to the relator's affidavit; that at the time of making such order no summons had been served upon the persons named as defendants in said complaint, nor

on any one of them, in any action in said district court wherein the persons named as plaintiffs in said complaint, or any of them, were plaintiffs, "and that no summons in any such action has ever been served on any one of these relators, or upon said Rowley, or said Hermance;" that the relators had no notice or knowledge of the execution of such order for about 10 days after the execution thereof, and that at once, upon learning of the execution thereof, they employed counsel, who, on March 31, 1886, moved said court at chambers, at the city of Bismarck, to dismiss said order; that said attorneys appeared specially for the purpose of such motion, and the same was based upon affidavits setting forth the facts hereinbefore stated; that thereupon the said court made an order requiring the persons named as plaintiffs in said complaint to show cause at Jamestown, on April 3d, why said order should not be dismissed; that on said third day of April the relators appeared by their attorneys specially, and moved the court to dismiss the order of March 20th, for the reason that the same was in excess of jurisdiction; and the court overruled the motion. Other allegations follow respecting the character of the property affected by the order, and the supposed effect of the receivership. Subjoined to the affidavit is one made by two of the attorneys for the relators, stating, each for himself, that he knows the contents of "the foregoing affidavit, and that the same is true to the best of his knowledge, information, and belief."

Upon these affidavits the chief justice and Associate Justice McConnell (to whom the same was aftewards presented) granted, without notice to the other parties interested, a writ of *certiorari* addressed to the district court of the Sixth judicial district, and to Hon. William H. Francis, judge thereof, which, after reciting several of the allegations of the affidavits, commands the defendants to certify to the supreme court "a transcript of the record and proceedings in the action aforesaid, with all things touching the same, as fully," etc.; and in the meantime staying further proceedings under said order.

Among other recitals in said writ is the following, which

it is especially important to notice, viz.: "That the relators have repeatedly applied to said court, through their attorneys, Dodge & Camp and Nickeus & Baldwin, appearing especially, for the dismissal of said order and receivership proceedings, which application has in every instance been denied by said court." The only foundation for this recital which is furnished by the affidavits on which the writ is based, is in the statement that on the return-day of the order to show cause (April 3d) "the relators appeared, by their attorneys specially, and moved the court to dismiss said order made on the twentieth day of March, for the reason that the same was in excess of jurisdiction, and the court overruled said motion."

We notice right here two circumstances, which, if they had been called to the attention of the justices who granted the writ, would probably have led to its refusal, to-wit: *First*, that the affidavit does not disclose what was done by the court or judge upon the order to show cause; *second*, that, although it is alleged by the affidavit that "the court overruled said motion," i. e., the motion to dismiss the order of March 20th, no copy of any order overruling that motion, or any motion, is annexed to the petition for the writ. A truthful answer to an inquiry concerning these significant omissions would have disclosed the very important fact that no final disposition had ever been made by the court, either of the order to show cause or the apparently superfluous motion to dismiss; the latter not having even been argued.

The writ was duly served, and a return made to it by the justice presiding in the Sixth judicial district, setting forth at length all the proceedings had before him in the matter, and appending copies of all the papers. We shall refer only to such matters as seem to us sufficient to dispose of the case.

The first paper which we notice is a copy of the order to show cause, procured by the attorneys for the relators on the thirty-first day of March, 1886. This order, entitled in the action in which the receiver was appointed, is as follows:

"Upon reading and filing the motion of Dodge & Camp, and the affidavits and exhibits hereunto annexed, and upon the

papers and proceedings already had herein, it is ordered—*First*, that the plaintiffs forthwith serve upon the said attorneys, Dodge & Camp, at their office, in the city of Jamestown, Dakota, true and correct copies of the summons and complaint, and of the order appointing a receiver, and all other papers in this case; *second*, that on the third day after service, including the day of such service, at the hour of two o'clock in the afternoon of said day, the said plaintiffs show cause before the judge of said court at chambers, in the city of Jamestown, Dakota, why the order heretofore granted appointing a receiver in this case should not be vacated and set aside.

"Dated at chambers, Bismarck, Dakota, March 31, A. D. 1886.                    WILLIAM H. FRANCIS, Judge.

This order was served upon the attorney for the plaintiffs in that case on the following day, April 1, 1886.

It will be observed that here is no "special" appearance of the attorneys for the relators, but a general order to show cause, granted on their motion, the very terms of which contemplate a hearing by the judge upon the merits, though not, of course, excluding the question of jurisdiction to make the order complained of. The return to the writ states that on the return-day of this order the attorneys for the relators appeared, and stated that the terms of the first clause of the order had not been complied with, for the reason that, while the other papers had been served, they had failed to serve the summons; whereupon the court directed the attorney for the plaintiffs to serve relators' attorneys with a true copy of the summons, which was at once done, the original being then in the hands of the sheriff.

It is proper to remark here that a summons in said action, or what was intended as such, was placed in the hands of the sheriff, March 26, 1866, and served by him on Robert H. Gray, one of the relators; but, it being subsequently ascertained that this was defective by reason of an inadvertent omission of the attorneys to sign the same, a second summons was issued April 2d, and placed in the hands of the sheriff April 3d, but, for some unexplained reason, not served by him until April 7th on which date it was served on Robert H. Gray personally.

Recurring now to the proceeding upon April 3d, the return further shows that the argument of the order to show cause was then taken up; that the first question raised was as to the jurisdiction of the court to make the order complained of; that, upon the presiding judge intimating that he should hold that he had acquired jurisdiction, the attorneys for the relators asked leave to appear specially, and file a motion to set aside the order appointing a receiver. Leave to file the motion was granted, and it was filed, and no argument has ever been had upon it. This is the first intimation which the record affords of any special appearance. The attorneys for the relators then began argument upon the merits of the appointment, and entered upon the reading of affidavits; but, some question arising upon an objection that these affidavits had not been served on the opposite side, the argument proceeded no further. The return further states that, at this point, the attorneys for the relators stated that the plaintifs had already attached in the action some $4,000 in bank, and that they would furnish an ample bond for such additional sum as the court might require if the court would accept such bond and discharge the receiver. This proposition the justice, against the objection of the plaintiff's attorneys, intimated his willingness to accept, and then and there directed the receiver to proceed to take an inventory of the property for the information of the court in determining the amount of the bond.

The return also states that the justice requested one of the attorneys for the relators to facilitate the taking of such inventory, which he promised to do. It further states that no further action was taken by the justice in the matter; that he has never made any order, either oral or in writing, either making the rule to show cause absolute or discharging it, or overruling or granting the motion to set aside the order appointing a receiver, nor made any final disposition of the questions involved; but that all further proceedings were by apparent mutual consent stayed, and the hearing and argument held in abeyance, awaiting the taking of the inventory, and the giving of said bond, in which case the receiver was to be discharged

The wisdom of such an arrangement would seem to have been obvious, inasmuch as, if the judge should have felt compelled to discharge the receiver as having been prematurely appointed, he could at once have renewed the appointment. It would seem, however, that the relators, for some reason, chose to adopt another course, and applied for and obtained this writ of *certiorari.*

Upon the facts thus stated it is quite evident that the writ must be dismissed. The fact that no final determination has ever been made upon the order to show cause is sufficient to induce this conclusion that order was obtained by the relators for the very purpose of giving the justice who had made the order complained of an opportunity to review his action; and until he has availed himself of the opportunity thus afforded, and finally determined the questions thus presented to him for adjudication, it would be alike discourteous and unwarranted by any legal rule governing proceedings of this character for this court to undertake to anticipate his action. The action of the inferior tribunal in respect of this matter complained of must be final before the superior tribunal can be called upon to interfere. The office of this writ is similar to that of a writ of error, and there must exist something in the nature of a final order or adjudication to be reviewed. So long as the matter is still undisposed of by the inferior tribunal, it must remain uncertain what its action will be. Wilson v. Supervisors, etc., 3 Cal. 386; People v. County Judge, 40 Cal. 479; Lynde v. Noble, 20 Johns, 80; Haines v. Backus, 4 Wend. 213; Devlin v. Platt, 11 Abb. Pr. (N. S.) 398; Gringer v. Supervisors, etc., 22 N. W. Rep. 174.

Without passing, therefore, upon any of the other questions raised in this case, the writ is dismissed. All the justices concurring.