## W. D. WILSON, Appellant, *v.* THE BOARD OF SUPER-VISORS OF SACRAMENTO COUNTY, Respondents.

A certiorari to the Board of Supervisors, on the ground of want of jurisdiction, is premature, if taken before the action of the board.

The objection, want of jurisdiction over the subject, should first be taken before the board; it may decide to take or decline jurisdiction, and until it does one or the other, there can be no cause of complaint.

APPEAL from the Sixth Judicial District.

In this case, the plaintiff applied to the District Court for a certiorari, setting forth in his affidavit, that he is the owner of a bridge across the Cosumnes River, on the road leading from the City of Sacramento to Drytown and Jackson, which said bridge is of the capacity, &c., required by law; that the said bridge is licensed, and that he is charging toll for crossing the same; and further saith, that Harvey Alvard and J. H. Pascal have presented an application to the Board of Supervisors of said county for a license to keep a ferry on said river, at a point about a mile and a quarter southeast of said bridge, which would be of great injury to affiant, by reducing the tolls, &c.; that he has

appeared before the Board of Supervisors, and filed his objection to the hearing of said application, for want of jurisdiction in said board over the same, which have been overruled by said board, and the said board is proceeding to take cognizance of, and jurisdiction over, the said application.   He therefore prays for a certiorari to the said board, to remove the proceedings and record into this court, &c.

The writ was allowed by the court, and a motion was made to quash it by the respondents, and the court, after argument, sustained the motion, and directed the same to be quashed, at March Term, 1853.

The plaintiff appealed.

*Latham* and *Aldrich*, for appellant.

The Board of Supervisors have no jurisdiction over an application for the establishment of a ferry: Stat. Cal. 1850, p. 97, 210; 1851, 19, 21, sec. 69, p. 500; 1852, 87; 8 Pick. Rep. 218.

The writ of certiorari is the proper remedy: Stat. Cal. 1851, p. 123; 6 B. Monroe, 146; 1 Ala. Rep. 95, 342; 2 Ala. Rep. 35; 6 Ala. Rep. 898; 8 Pick. Rep. 218.

Plaintiff has sufficient interest in the motion to sustain this application: 6 Dana Rep. 44; 2 Edm. on Injunction, 271.

If the writ would not properly lie, this court, in a matter of general consequence, would examine the proceedings of the inferior court, and if proper, quash the writ: 4 Mass. Rep. 239; Ib. 669.

*J. H. M'Kune*, for respondents.

Certiorari only lies to an inferior tribunal, which the Board of Supervisors is not: Stat. 1851, p. 123, sec. 456.   The writ will lie to cure *excess* of jurisdiction, but not where the tribunal has *no* jurisdiction: 3 Dall. 411; 1 Cond. Rep. 190–192.

Wilson has no such interest as will sustain his application for the writ; competition in business will not be restrained.

The writ does not show that the Board of Supervisors had exceeded its jurisdiction; the complaint is, that they *are about to exceed*, which is not sufficient: 6 Mass. Rep. 72; 17 Mass. 357.

Until *action* taken, there is no error to correct.   The board

may decide against the application; there would then be no error; the language of the statute is, " *has exceeded.*"

The counsel further examined the powers of the supervisors in the premises, which this court did not consider.

The notice and petition of the applicants for the ferry, are set out upon the record, to which no exception was taken.

HEYDENFELDT, Justice, delivered the opinion of the court. WELLS, Justice, concurred.

The writ of certiorari was sued out prematurely.

If it is true, as insisted by the appellant, that the Board of Supervisors had no jurisdiction over the subject, the objection should first have been taken before the board. This course might have saved the necessity of an appeal; without the action of the board, it is impossible to say whether it would have decided to take, or decline jurisdiction, and until it shall do one or the other, there can be no cause of complaint.

The certiorari was properly dismissed, and the judgment is affirmed.