No. 2,520.

PEOPLE *ex. rel.* SAN FRANCISCO, APPELLANT, *v.* COUNTY JUDGE, RESPONDENT.

CERTIORARI.—WRIT OF.—The writ of certiorari, is a writ of review, and can only issue for the purpose of reviewing *final* determinations and adjudications of inferior tribunals, boards, or officers exercising judicial functions, when there is no appeal, nor any plain, speedy, or adequate remedy.

IDEM.—The petitioner for a writ of certiorari has no right to use, nor a necessity for using the name of the people in serving out the writ in order to obtain redress for private wrongs.

The case is stated in the opinion.

*Jos. M. Nouges*, for Appellants.

*W. H. Patterson*, for Respondent.

RHODES, C. J. delivered the opinion of the Court, TEMPLE, J., WALLACE, J., and CROCKETT, J., concurring:

The Commissioners appointed in pursuance of the Act of April 4, 1864 (Stats. 1863-4, p. 352), in the proceedings

for the extension of Montgomery and Connecticut streets, presented to the County Judge their written application, requesting that he should determine the compensation to be paid to them, for their services as such Commissioners, and the amount to be paid for services of counsel, etc., as provided by the Act of March 4, 1870 (Stats. 1869-70, p. 146). The County Judge thereupon designated the time and place for the hearing of the application. At this stage of the proceedings, the writ of certiorari was issued to the County Judge.

The position taken by the petitioner is, that the Act of 1870 is unconstitutional; and, indeed, the real purpose of the action is to obtain a judicial determination of that question. The question cannot be entertained, while the proceedings before the County Judge remain in their present condition. The writ of certiorari is a writ of review. Its office is to bring up for review *final* determinations and adjudications of inferior tribunals, boards or officers exercising judicial functions, when there is no appeal, nor any plain, speedy and adequate remedy. The writ is necessarily founded on a final determination. Were the rule otherwise, a writ might issue at any step in the proceedings of the inferior tribunal, and thus withdraw the case from the consideration of the inferior tribunal, although such tribunal might, were the point presented, decide that it had no jurisdiction in the matter submitted to it. This would be the exercise of original jurisdiction by the Court issuing the writ, and not a review of the determination of the inferior tribunal. The matter complained of would be, not that the tribunal had exceeded, but that it was about to exceed, its jurisdiction. (*Wilson* v. *Sacramento*, 3 Cal. 386 ; *Lynde* v. *Noble*, 20 John. 80 ; *Noble* v. *Board of Pilots*, 37 Barb. 126 ; *Devlin* v. *Platt*, 20 How. Pr. 167 ; Bac. Abridg. Title Certiorari.)

The action is improperly entitled. The petitioner has no right to use, nor necessity for using the name of the People, in suing out the writ. (*People* v. *Pacheco*, 29 Cal. 210.)

Judgment affirmed.