[No. 13598. In Bank. — July 5, 1890.]

WILLIAM F. SAYERS, PETITIONER, *v.* SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, RESPONDENT.

WRIT OF REVIEW — FUNCTION TO ANNUL, NOT TO RESTRAIN. — The function of a writ of review is to annul proceedings which have been taken in excess of jurisdiction, and not to restrain the proceedings of an inferior tribunal; and it cannot be employed to prevent a threatened excess of jurisdiction.

ID. — PRESUMPTION AS TO ANTICIPATED ACTION OF COURT. — Until a final determination has been reached in the inferior court, it must be presumed that it will limit its action to its proper jurisdiction, and will not decide erroneously against a valid objection.

ID. — REMEDY BY MOTION. — The writ of review will not lie, so long as proceedings remain *in fieri*, since the petitioner has a plain, speedy, and adequate remedy by motion in the court below.

ID. — PETITION — INFORMATION AND BELIEF AS TO ORDER. — An allegation in a petition for a writ of review, made upon the information and belief of the petitioner, that an order has been made adjudging him guilty of contempt, is insufficient, and cannot be considered.

ID. — ORDER TO BE REVIEWED MUST BE FILED. — Even though an order may have been signed, it is not subject to be examined upon a writ of review, until it has been filed.

ID. — CONTEMPT — FACTS NOT REVIEWABLE. — Allegations of fact, in a petition for a writ of review, which are within the jurisdiction of a court to determine upon proceedings for contempt sought to be reviewed cannot be considered, as the determination of such facts is conclusive, so far as a writ of review is concerned.

APPLICATION to the Supreme Court for a writ of *certiorari*. The facts are stated in the opinion of the court.

*King & Saufley*, for Petitioner.

*Harold Wheeler*, for Respondent.

PATERSON, J.—This is an application for a writ of *certiorari*. The petition alleges that in August, 1888, Nathan S. Sanford commenced an action for divorce against his wife, Hattie T. Sanford, in the superior court of the city and county of San Francisco; that the default of the defendant for failure to answer was duly entered on December 3, 1888, and on the following day the cause was regularly tried and submitted for decision; that a decree of divorce was entered in favor of plaintiff on February 1, 1889; that on December 13th the defendant therein employed petitioner as her counsel to represent her in the proceeding; that he gave the defendant advice, but did not contest the application for divorce, owing to a misunderstanding as to certain instructions from the defendant; that the value of his services exceeded the sum of five hundred dollars; that it was understood between all the attorneys representing the parties to the action, that if the divorce should be granted, the defendant should be allowed one hundred dollars per month under certain conditions, and it was further understood that petitioner should receive the sum of five hundred dollars as counsel fees for services rendered in the action to defendant; that, through fault of the attorney for plaintiff, the court was misled, and, in consequence thereof, no counsel fees were allowed, but nevertheless petitioner received the sum of $250 cash, and a note for the further sum of $250 from the attorney for plaintiff, as and for his compensation for services rendered; that defendant in the divorce suit, being dissatisfied with the petitioner as her attorney, requested the substitution of another attorney, whereupon petitioner gave to Harold Wheeler, Esq., a substitution of attorney, with the express understanding that the $250 received by petitioner should be retained by him; that petitioner thereupon turned over to said Wheeler the note for $250, above referred to, and thereupon his connection with the case ceased; that on motion of said Wheeler the default of

the defendant in the suit was set aside November 13, 1889, and the court made an order directing petitioner to pay to said Hattie T. Sanford, his former client, the sum of $250, received by him as counsel fees, without any notice to petitioner to appear and show cause why said order should not be made; that thereupon petitioner was ordered to show cause why he should not obey said order or be punished for contempt. Petitioner alleges, *upon his information and belief,* that the court made a further order, adjudging him guilty of contempt for not paying over the $250 to the defendant in this suit, and ordered petitioner to be committed to jail until such payment should be made.

It is claimed by petitioner that the superior court had no jurisdiction to make said orders in his absence without notice to him, and that he has no plain, speedy, and adequate remedy at law. The respondent has moved to quash the writ of *certiorari* and order for a stay of proceedings, on the ground that the petition does not state facts sufficient to entitle the petitioner to the relief asked herein.

The writ issued herein is premature. The function of a writ of review is not to restrain the proceedings of an inferior tribunal, but to annul proceedings which have been taken without jurisdiction. It cannot be employed to prevent a threatened excess of jurisdiction. It is issued only when an inferior tribunal, board, or officer exercising judicial functions has *exceeded* the jurisdiction of such tribunal, board, or officer, and there is no appeal, nor, in the judgment of the court, any plain, speedy, or adequate remedy. (Code Civ. Proc., sec. 1068.) Until a final determination has been reached in the court below, we must assume that the court will limit its action to its proper jurisdiction. So long as the proceedings remain *in fieri,* the petitioner has a plain, speedy, and adequate remedy by motion in the court below. We cannot assume that the court below will decide

erroneously against any objection which the petitioner may make in his defense to the order to show cause. (*Wilson* v. *Board of Supervisors,* 3 Cal. 386; *Lamb* v. *Schottler,* 54 Cal. 319.)

We cannot consider the allegation of the petitioner, based upon his information and belief, that the court has made an order adjudging him guilty of contempt. It is an easy matter for the petitioner to determine whether such an order was made. We cannot assume that the court below has made an order which has never been filed. Furthermore, if such an order has been signed, it is not an order subject to review until it has been filed. *Matoon* v. *Eder,* 6 Cal. 57, is not in point. The allegations with respect to the understanding under which the money was paid cannot be considered. If the court had jurisdiction of the matter at all, it had the right to inquire into and determine the facts, and its determination of these matters is conclusive, so far as a writ of review is concerned. The writ cannot be issued on mere errors of law. (*People* v. *Dwinelle,* 29 Cal. 632.) If the proper facts existed, the court was justified in requiring the party to turn over the money. (*Ex parte Hollis,* 59 Cal. 405; *Ex parte Smith,* 53 Cal. 204; Weeks on Attorneys at Law, secs. 72, 94.)

We cannot close this opinion without adverting to the fact that there has been of late an attempt in numerous cases to use writs intended only to test the question of jurisdiction for the purpose of correcting mere errors of law. The original business thus put upon the court has occasioned great labor and much annoyance, not only to ourselves, but to the lower courts, without serving any useful purpose. We do not speak of .this matter in a censorious spirit, but simply to call the attention of the members of our bar to the fact, in the hope that in the future more care may be taken in applications for writs of this character.

The application is denied, and the writ heretofore issued herein is discharged.

McFARLAND, J., FOX, J., and SHARPSTEIN, J., concurred.