[S. F. No. 924. Department One.—September 1, 1898.]

GEORGE C. GAULD, Appellant, v. BOARD OF SUPERVISORS OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

CERTIORARI—PROCEEDINGS OF SUPERVISORS—PROPOSED GRANT OF FRANCHISE.—Certiorari is not the proper remedy to review the proceedings of a board of supervisors in the matter of a proposed grant of a telephone franchise, while the proceedings are *in fieri*, and no final action of the board had been had when the application for the writ was made.

ID.—OFFICE OF WRIT—RESTRAINING ORDER.—The office of the writ of review is in no sense that of a restraining order, but only to annul; and until the proceedings have culminated in a final order there is nothing to annul.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, sustaining a demurrer to an application for a writ of review. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Woods & Levinsky, for Appellant.

Harry T. Creswell, City and County Attorney, for Respondent Board of Supervisors.

Robert A. Friedrich, and Crittenden & Van Wyck, for Respondent, People's Mutual Telephone Company.

GAROUTTE, J.—The present litigation was inaugurated upon application for a writ of review to annul the proceedings of the board of supervisors of the city and county of San Francisco, looking toward the future granting of a franchise for the conduct of the telephone business. A demurrer was sustained to the petition of Gauld, and the case is now before the court upon the sufficiency of the facts set forth in that petition to justify the issuance of the writ. The sufficiency of the petition is attacked from many points, and we need notice but a single one. At the time this proceeding was inaugurated no franchise had been granted by the board of supervisors. The matter was *in*

*fieri.* No final action of the board had been had, and for this reason *certiorari* was not the remedy. The office of this writ is in no sense that of a restraining order. It is not the purpose of the writ to restrain or prohibit, but to annul. And until the proceedings of the inferior tribunal or board have culminated in a final order there is nothing to annul. Conceding, for present purposes only, that the writ of review would lie to annul an order of the board of supervisors granting a franchise, we have no such case here, for no franchise had been granted when the application was filed, and it necessarily follows the application for the writ is premature. There is an abundance of authority in this state supporting these views. (*Wilson v. Board of Supervisors,* 3 Cal. 386; *People v. County Judge,* 40 Cal. 480; *Lamb v. Schottler,* 54 Cal. 321; *Sayers v. Superior Court,* 84 Cal. 645.)

For the foregoing reasons the judgment is affirmed.

Harrison, J., and Van Fleet, J., concurred.