[L. A. Nos. 3986, 3987, 3988.   In Bank.—January 17, 1916.]

## W. H. HOLABIRD, Receiver of the Property of the California Development Company, Petitioner, v. THE RAILROAD COMMISSION OF THE STATE OF CALIFORNIA, Respondent.

RAILROAD COMMISSION—PROCEEDING TO COMPEL DELIVERY OF WATER—PRELIMINARY DECISION THAT DEFENDANT IS PUBLIC UTILITY—REVIEW OF DECISION.—In a proceeding before the railroad commission to compel a water company to deliver water to the applicants for irrigation purposes, based on the theory that the company is a public utility, a decision of the commission made upon overruling the company's demurrer to the applicants' complaint, upholding the jurisdiction of the commission and finding the company to be a public utility, but reserving the final determination of the proceeding for a subsequent hearing, is not a final adjudication of the matter, and a writ of *certiorari* will not lie to review the decision and order so made.

ID.—SCOPE OF WRIT OF REVIEW—PRELIMINARY RULINGS NOT REVIEWABLE. A writ of review lies only when the final determination of an inferior court, tribunal or board is in excess of its jurisdiction.  It does not lie to determine the correctness, in point of law, of rulings or decisions made by such court, tribunal or board, upon objections made or questions arising in the course of the proceeding or cause preliminary and prior to the final determination regarding the action which it is asked to take in the matter.

ID.—REVIEW OF PROCEEDINGS UNDER PUBLIC UTILITIES ACT.—There is nothing in section 67, or in any other part of the Public Utilities Act (Stats. Spec. Sess. 1911, p. 55; Stats. 1915, p. 151), which changes the general rule concerning writs of review in this respect, or which in any way indicates an intention by the legislature to enlarge the writ so as to authorize the supreme court to intervene in the course of a proceeding before the railroad commission, stop the proceedings, and determine whether or not its intermediate rulings are within its powers.

ID.—RAILROAD COMMISSION—PROCEEDING FOR SOLE PURPOSE OF DETERMINING CHARACTER AS PUBLIC UTILITY.—The Public Utilities Act does not empower the commission to make general adjudications regarding the character of the several water companies or persons using or disposing of water, or conducting other business enterprises, within the state, for the purpose of ascertaining whether or not they, or any of them, are public utilities, within the meaning of such act, and, therefore, subject to the jurisdiction of the commission.  No proceeding is authorized for the sole purpose of determining this question with respect to any person or corporation.

APPLICATIONS for Writs to review certain decisions and orders of the Railroad Commission of the State of California.

The facts are stated in the opinion of the court.

W. B. Mathews, and S. B. Robinson, for Petitioner.

Douglas Brookman, and Max Thelen, for Respondent.

Haines & Haines, and John M. Eshleman, *Amici Curiae.*

SHAW, J.—In each of the aforesaid cases the petitioner seeks to review and annul an alleged decision and order of the railroad commission. The order in No. 3986 was made upon the complaint of Louis J. Ivey to the commission; that in 3987 upon the complaint of Adolph Becker, and that in No. 3988 upon the complaint of F. W. Weeks, as president of the Holtville city council. The nature of the proceedings may best be shown by a brief statement of the facts alleged in the complaint of Becker and of the order made in that case.

Becker complained to the commission alleging that the California Development Company was a corporation organized under the laws of New Jersey to carry on the business of selling, renting, and distributing water for irrigation purposes for compensation and hire; that it was operating an irrigation system in the county of Imperial and thereby distributing, selling, and renting water generally to the public in that county, for the irrigation of the land of the Imperial Valley, including a tract of land of Becker containing some 240 acres; that in an action pending in the superior court, W. H. Holabird had been duly appointed receiver of said company and in that capacity was carrying on the business of the company; that Becker needed water with which to irrigate his land and had demanded the delivery thereof from said receiver, offering to pay the usual rate fixed therefor, but that the receiver thereupon refused, and still refuses, to deliver any water to said Becker. The prayer was that the commission make an order requiring the receiver to deliver water to Becker for the irrigation of said land at the same price and terms upon which it delivered water to other persons owning lands under the system. The receiver appeared and filed a paper, denominated a demurrer to the complaint of Becker, on the ground

that the commission had no jurisdiction of the proceeding. The particular point stated in the demurrer was that it did not appear that the water supply in charge of the defendant as receiver is, or ever has been, dedicated to public use or that the system controlled by him is a public utility.

The commission did not see fit to rest its determination as to its jurisdiction upon the allegations of the complaint of Becker to which the demurrer of Holabird was addressed, but took evidence on the subject of the character of the company and made findings of fact upon the evidence. Thereupon it made the following order:

"A public consolidated hearing having been held in the above-entitled cases on the question whether the railroad commission has jurisdiction over the defendants and this question being now ready for decision,

"The railroad commission, in reliance on each statement or finding of fact contained in the opinion which precedes this order, hereby finds that the water system of California Development Company is a public utility water system and that W. H. Holabird, as receiver thereof, is a public utility, subject to the jurisdiction of the railroad commission.

"It is accordingly ordered that the demurrers in each of the above-entitled cases be and the same are hereby overruled and the defendant in each of said cases is hereby given twenty (20) days from service of a certified copy of this opinion and order in which to satisfy the respective complainants or to answer."

It is this order which the petitioner here seeks to review. In regard to the complaints of Ivey and Weeks like proceedings were had, resulting in orders the same in form as that above given. At the close of its opinion, referred to in the above order, the commission says: "It will be understood, of course, that the present decision deals only with the question of this commission's jurisdiction. If this decision stands, it by no means necessarily follows that complainants in any or all of these cases will ultimately secure the relief for which they ask." Each case is still pending before the commission for final determination. The orders asked for have not been made and may yet be denied. No final determination of either case has been made. It may be that the receiver will not be injured or the system he controls at all be affected by the final orders. We think this proceeding is premature.

The writ of review lies only when the final determination of an inferior court, tribunal, or board is in excess of its jurisdiction. (Code Civ. Proc., sec. 1068.) The language of the section limits it to cases where the tribunal "has exceeded" its jurisdiction. It does not lie to determine the correctness, in point of law, of rulings or decisions made by such court, tribunal or board, upon objections made or questions arising in the course of the proceeding or cause preliminary and prior to the final determination regarding the action which it is asked to take in the matter. (*Wilson* v. *Board of Supervisors of Sacramento County,* 3 Cal. 386; *People* v. *County Judge,* 40 Cal. 479; *Aberding* v. *Macham,* 40 Cal. 656; *Lamb* v. *Schottler,* 54 Cal. 320; *Sayers* v. *Superior Court,* 84 Cal. 642, [24 Pac. 296]; *Gauld* v. *Board of Supervisors,* 122 Cal. 18, [54 Pac. 272].) In *Wilson* v. *Sacramento County,* the board of supervisors had overruled an objection that it had no jurisdiction over an application for a ferry license, but had not granted or refused such license. In *People* v. *County Judge,* the judge had entertained an application of certain street commissioners asking him to fix the compensation which they should receive, and had set the application for hearing, but had not otherwise acted upon it. In *Lamb* v. *Schottler,* one of the points involved was the right to a review of the action of the board of supervisors upon a proposed resolution, which was still pending before it and had not been adopted. In *Sayers* v. *Superior Court,* the petitioner had been cited to show cause why he should not be punished in contempt for disobeying an order of the superior court, but he had not been adjudged guilty or tried on the charge. In *Gauld* v. *Board of Supervisors,* an application had been made to the board of supervisors for a telephone franchise, and certain proceedings had been taken under the statute toward the granting of such franchise, but none had been granted.

In all these cases it was held that the application for a writ of review was premature, and in each case the proceeding was accordingly dismissed or denied. In *People* v. *County Judge,* the court said: "The writ of *certiorari* is a writ of review. Its office is to bring up for review *final* determinations and adjudications of inferior tribunals, boards, or officers exercising judicial functions, when there is no appeal, nor any plain, speedy and adequate remedy. The writ is necessarily founded on a final determination." It was further said that

if such writ might issue at any step in the proceedings of the inferior tribunal to annul its rulings, "This would be an exercise of original jurisdiction by the court issuing the writ, and not a review of the determination of the inferior tribunal. The matter complained of would not be that the tribunal had exceeded, but that it was about to exceed, its jurisdiction." In *Sayers* v. *Superior Court,* the court said: "The function of a writ of review is not to restrain the proceedings of an inferior tribunal, but to annul proceedings which have been taken without jurisdiction. It cannot be employed to prevent a threatened excess of jurisdiction. It is issued only when an inferior tribunal, board, or officer exercising judicial functions has *exceeded* the jurisdiction of such tribunal, board, or officer."

The present case cannot be distinguished from those above cited. There has been no final adjudication. The order merely overrules a demurrer. It does not decide the case. The decision of the commission that the California Development Company, through the receiver, is conducting a public utility, is preliminary only. Before proceeding to regulate, the commission must always ascertain that the person or corporation to be regulated is one over whom it is given authority, else it must refuse to act further. As it is a question affecting the jurisdiction of the commission to act at all, it may revoke its ruling thereon at any time before the action invoked by the complainant has been taken or refused, or at any time before the authority to grant a rehearing has expired. A lack of jurisdiction of the subject matter is sufficient cause for arresting a proceeding at any stage, whenever it appears or is called to the attention of the tribunal, and it is not bound by a preliminary decision thereon that it has jurisdiction.

There is nothing in the Public Utilities Act, under which the commission proceeds, which changes the general rule concerning writs of review in this respect. Section 67 of that act provides that a person claiming to be aggrieved by any order or decision of the commission may apply to the supreme court for a writ of review for the purpose of having the lawfulness of the order or decision inquired into and determined, and that "the review shall not be extended further than to determine whether the commission has regularly pursued its authority including a determination of

whether the order or decision under review violates any right of the petitioner under the Constitution of the United States or the state of California." (Stats. Spec. Sess. 1911, 55; Stats. 1915, 151.) Except for the reference to constitutional questions, which is perhaps unnecessary, the language quoted is similar to that of section 1074 of the Code of Civil Procedure which declares that the writ of review "cannot be extended further than to determine whether the inferior tribunal, board, or officer has regularly pursued the authority of such tribunal, board, or officer." There is nothing in section 67, or in any other part of the Public Utilities Act, which in any way indicates an intention by the legislature to enlarge the writ so as to authorize this court to intervene in the course of a proceeding before the railroad commission, stop the proceedings, and determine whether or not its intermediate rulings are within its powers. Neither does the act empower the commission to make general adjudications regarding the character of the several water corporations or persons using or disposing of water, or conducting other business enterprises, within the state, for the purpose of ascertaining whether or not they, or any of them, are public utilities, within the meaning of the Public Utilities Act, and, therefore, subject to the jurisdiction of the commission. No proceeding is authorized for the mere purpose of determining this question with respect to any person or corporation. Section 60 authorizes the commission, of its own motion, or upon the complaint of any person, to inquire into any act or thing done by any public utility, and to make such order therein as may be necessary to compel such public utility to comply with the law or with the orders or rules of the commission, but it does not authorize a proceeding for the sole purpose of inquiring and determining whether a particular person or corporation is carrying on a public utility, or is engaged in a private enterprise. It follows that the decision of the commission, in the cases here involved, that the California Development Company is a public service corporation carrying on a public service, is not an adjudication of that question which is made final by any provision of the Public Utilities Act and it remains *in fieri*, as in any other similar proceeding before a court or tribunal. This being the case, it is not an order or decision which is subject to review by this court. If the final order of the commission in any of the

cases is adverse to the interests of the company in charge of the receiver, the decision that it is a public utility, if it then stands unrevoked, may be attacked and reviewed upon an application for the review of such final order.

The petitions are dismissed, without prejudice to any subsequent proceeding.

Sloss, J., Melvin, J., Henshaw, J., Lawlor, J., and Angellotti, C. J., concurred.