[Civil No. 1841.  Filed December 28, 1920.]

[193 Pac. 1020.]

EDWARD H. STEARNS, Petitioner, v. SUPERIOR COURT OF YUMA COUNTY and FRED L. INGRAHAM, Judge Thereof, Respondent.

CONTEMPT—ORDER IN CONTEMPT PROCEEDING HELD NOT FINAL AND SO NOT REVIEWABLE.—An order in contempt proceeding that defendant account for certain money in a certain time, the proceeding being suspended till further order, is not final, and so not reviewable by *certiorari.*

ORIGINAL PROCEEDING.  Petition for Writ of Certiorari.  Petition denied.

Mr. Earl C. Hall, for Petitioner.

Mr. W. F. Timmons, County Attorney, for Respondents.

ROSS, J.—This is an original proceeding in *certiorari* instituted by petitioner, Stearns, for the pur-

*Certiorari* to review contempt proceedings, note, **Ann. Cas.** 1914D, 216.

pose of bringing here for review an order made by
the superior court of Yuma county in the course of
the hearing in a contempt proceeding therein against
petitioner. In the case of *Maxey* v. *Stearns,* pending
in said court, there had been entered an injunction
order by which petitioner, Stearns, had been enjoined
from doing certain things and, in effect, commanded
to do other things, concerning the care and division
of certain crops of hay and cotton grown on Maxey's
land by Stearns under a contract of lease. The peti-
tioner was by affidavit charged with disobeying the
injunctive order of the court and was attached and
brought before the court as in contempt. Upon the
hearing in the contempt proceeding the court made
certain findings and thereon entered the following
order:

"It is therefore hereby ordered that defendant,
Edward H. Stearns, do and he is hereby required to
account to plaintiff, James H. Maxey, for said plain-
tiff's share of said crop so wrongfully, fraudulently,
and collusively made way with and converted by said
defendant in the sum of $660.15, said sum to be paid
said James H. Maxey within forty days from the date
hereof.

"It is further ordered that the proceedings herein
upon contempt be and they are hereby suspended
until the further order of this court."

It is that portion of the order requiring petitioner
to pay Maxey $660.15 within forty days that we are
asked to review and annul as being in excess of the
court's jurisdiction.

We do not construe the order so entered as a final
judgment. We think by it the court intended to say,
and in effect did say, to the petitioner:

"My investigation convinces me that you are right-
fully indebted to Maxey in the sum of $660.15, and I
will give you forty days in which to settle this claim,
and if at the end of that time you have not done so, I

will then take up and pass upon the contempt matter.''

The so-called order amounts to nothing more than would a friendly verbal statement from the bench to the effect that the final order in the contempt proceeding is postponed for forty days to give the parties a chance to settle their differences out of court, with an implied warning to defendant to do the right thing and pay plaintiff what he justly owed him in order to avoid punishment in the contempt proceeding. It was not a judgment against petitioner for $660.15, or any sum. The petitioner could or could not pay as he thought best. Whether he paid the $660.15 within the forty days or not, still the contempt proceeding was pending and for disposition. In any event, the so-called order was not a final order capable of enforcement. The contempt proceeding is still pending and undetermined; and, as we understand the law, *certiorari* cannot be employed to secure anything but a review of a final judgment or a final order in a proceeding. It was therefore, to say the least, prematurely asked for in this case.

"It does not lie to determine the correctness, in point of law, of rulings or decisions made by such court, tribunal, or board, upon objections made or questions arising in the course of the proceeding or cause preliminary and prior to the final determination regarding the action which it is asked to take in the matter.'' *Holabird* v. *Railroad Commission,* 171 Cal. 691, 154 Pac. 831; 11 C. J., p. 126, § 75.

The application is denied, and the writ heretofore issued herein is discharged.

CUNNINGHAM, C. J., and BAKER, J., concur.