[S. F. No. 10,090. In Bank.—December 24, 1921.]

ELIAS GUMILLA et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

[1] WRIT OF REVIEW—ORDER IN ADVANCE OF FINAL ADJUDICATION.—A writ of *certiorari* does not lie to review an order made in a matter prior to the final adjudication thereof.

[2] WORKMEN'S COMPENSATION ACT — ORDER GRANTING REHEARING — WRIT OF REVIEW—PREMATURE APPLICATION.—A writ of *certiorari* will not lie to review an order of the Industrial Accident Commission granting a rehearing of an award where the application for the writ is made before the final decision of the commission on the rehearing.

APPLICATION for a Writ of Certiorari to review and annul an order of the Industrial Accident Commission granting a rehearing of an award of compensation. Denied.

The facts are stated in the opinion of the court.

Russell P. Tyler for Petitioners.

A. E. Graupner for Respondents.

SHAW, C. J.—On August 26, 1921, the Industrial Accident Commission made an award in favor of the petitioners herein allowing them compensation as dependents of one Miguel Gumilla, on account of the death of said Gumilla from an injury received by him while in the employment of the California Hawaiian Sugar Refining Company. Notice of this award was served upon the adverse parties on the same day. The time for filing a petition for rehearing by the adverse parties expired on September 16, 1921. No petition was filed within that time, but on September 20, 1921, the said adverse parties filed with the Industrial Accident Commission a petition for a rehearing of the award made on August 26th, aforesaid. Thereafter, on November 16, 1921, an affidavit was filed on behalf of said parties, in effect showing that the failure to file the said petition for rehearing in time was the result of the inadvertence or neglect of their attorney. Thereupon, on November 19, 1921, the Industrial Accident Commission made an order declaring that the failure to file the petition within the twenty days allowed by the law was the result of inadvertence, surprise, and excusable neglect sufficient to excuse the failure, and thereupon it made an order as follows: ''It is ordered that the petition for rehearing be, and it is hereby ordered filed *nunc pro tunc* as of September 16, 1921.'' At the same time the Industrial Accident Commission made an order granting the application for a rehearing, and ordered the case to be submitted on the testimony already taken without further hearing. No decision of the matter on such submission has been made and the matter is still pending. The matter now before the court is the petition of Elias Gumilla and Paulina Gumilla to review and annul the order of the Industrial Accident Commission granting a rehearing, and that this court thereupon order that the findings and award originally made are final.

[1] A writ of *certiorari* does not lie to review an order made in a matter prior to the final adjudication thereof. The Industrial Accident Commission proposes to decide the case again after the order granting the rehearing, but it

has not yet done so. Final action thereon has not yet been taken. **[2]** Under these circumstances, the application for a writ of review of the order granting a rehearing is premature. (*Holabird* v. *Railroad Com.*, 171 Cal. 691, [154 Pac. 831]; *Gauld* v. *Board of Supervisors*, 122 Cal. 18, [54 Pac. 272].) The petitioners' remedy in such a case is to await the final decision and ask for a rehearing of the matter. This, of course, will search the record for lack of jurisdiction, and if there is such lack anywhere down the line which deprives the Industrial Accident Commission of jurisdiction to make the final decision, the proceedings will be annulled so far as may be necessary to give the petitioners appropriate relief. But until such final decision of the commission we cannot consider the validity of the order granting the rehearing in this manner.

It may be that effectual relief could be given by this court or the district court of appeal under its general jurisdiction by means of a petition for a writ of prohibition. As the question is not before us, we express no opinion on that subject.

For the reasons above set forth the petition for a writ of review is denied.

Shurtleff, J., Wilbur, J., Sloane, J., Lennon, J., and Waste, J., concurred.