## In re 1169 MYRTLE AVENUE, BOROUGH OF BROOKLYN.

(District Court, E. D. New York. February 5, 1923.)

**Searches and seizures ⊂⇒8½, New, vol. 11A Key-No. Series—Action not reviewable by District Court.**

A District Court is without power to review the action of a United States commissioner, refusing to quash a search warrant issued by him, or to return property seized thereunder.

In the matter of an application for a search warrant affecting the premises located at 1169 Myrtle Avenue, Borough of Brooklyn, City and State of New York. On petition for an order directing return of property seized under search warrant issued by commissioner. Denied.

Peter J. Brancato, of New York City, for petitioner.

Ralph C. Greene, U. S. Atty., of Brooklyn, N. Y. (Joseph M. Crooks, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), opposed.

GARVIN, District Judge. The petitioner moves for an order directing the return to petitioner or destruction of personal property seized under a search warrant heretofore issued by a commissioner of this court and precluding the United States from using this property as evidence against petitioner and other persons described in said petition as defendants.

The seizure under the search warrant was made on or about December 12, 1922. On December 27th the petitioner controverted the search warrant, praying that it be quashed and that all property seized thereunder be returned to the petitioner. The property in question consists of plates and other articles used to counterfeit United States postage stamps. The commissioner declined to vacate the warrant and order the return of the property, but declared the warrant "void" because it had been executed by an officer other than that one to whom it was directed, and because it appeared that the return thereof was not sworn to by the officer who executed the warrant before the commissioner who directed its issuance. No disposition of the property was made by the commissioner. It appears to be in the possession of Secret Service agents of the United States Treasury Department.

It is first urged by the government that the petition must be denied, because the action of the commissioner is reviewable only upon writ of error by the Circuit Court of Appeals. Judge Hough had occasion to consider the powers of commissioners in the matter of United States v. Maresca (D. C.) 266 Fed. 713. In his opinion he observed, inter alia:

"The grounds for this decision, summarily stated, are that the whole proceeding in re Promotion Sales Company's books was in the District Court by a judicial officer, subordinate, but independent, sitting as a committing magistrate, having equal power with any judge authorized to hold a District Court. I have no more power to grant this motion than I would to issue an order to show cause why an order sustaining a demurrer to an indictment entered at the same term before another judge should not be vacated and held for naught."

Believing as I do that this is the law I can see no alternative than to deny the motion. If I am correct, this renders a discussion of any other questions involved unnecessary. I appreciate the importance to the defendant of protection by the court against the use for any purpose of evidence obtained illegally or any violation of his constitutional rights. If an indictment is returned against him he is brought to trial thereunder. Undoubtedly the court will at that time afford him full protection against any such violation.

Motion denied.