## UNITED STATES ex rel. FINCH v. ELLIOTT, United States Com'r.

(District Court, W. D. Washington, N. D. December 11, 1924.)

No. 9006.

**1. Certiorari ☞1—Scope of remedy.**

Certiorari is a proceeding appellate in the sense that it involves a limited review of the proceedings of an inferior tribunal, and lies only to inferior courts and officers exercising judicial powers, and is directed to the court, magistrate, or board, exercising such powers, requiring the certification of the record in a matter already terminated. It is a revisory remedy for the correction of errors of law apparent on the record, and will not lie where there is another remedy, except for want of jurisdiction.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Certiorari.]

**2. Certiorari ☞37—Court cannot enjoin strangers to the action.**

In an original proceeding for a writ of certiorari to a United States commissioner, the court has no power to enjoin strangers to the action.

**3. United States commissioners ☞4—Commissioner exercises quasi judicial functions and powers specially conferred.**

A United States commissioner, under the enlarged powers conferred by Rev. St. § 1014 (Comp. St. § 1674), and other statutes, exercises quasi judicial functions and the powers specially conferred.

**4. Intoxicating liquors ☞253—Judge cannot review search warrant proceedings before commissioner by certiorari.**

The search warrant statute (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 10496¼a–10496¼v) provides a complete procedure before a judge or commissioner, who are given equal powers, and a District Judge has no power, by certiorari, to review pending proceedings

before a commissioner, any more than before another judge.

Certiorari. Petition by the United States, on the relation of J. L. Finch, against H. S. Elliott, a United States Commissioner for the Western District of Washington, for writ of certiorari. Denied.

The relator prays " * * * that a writ issue, to the end and purpose that a review of proceedings had before said respondent in the premises be made; * * * that pending the hearing on such return all proceedings before the respondent upon such matter be stayed, and further direct that all papers, books, files, letters, receipts, memoranda, and other things taken and seized under such search warrant be forthwith delivered up to the marshal or clerk of this court, or such other custodian as may be named in said writ, so to be impounded until final order be made herein; * * * that until such final determination be made in the premises all officers, agents, and persons whomsoever, into whose hands the said papers, files, memoranda, and other things so taken and seized under such search warrant have come, desist and refrain from disclosing or in any wise making use of any knowledge, information, or thing learned from any examination thereof by them made. * * *"

The amended petition states in substance: "That the respondent, H. S. Elliott, is now, and was during all the times herein mentioned, a United States commissioner for the Western district of the state of Washington; on the 21st day of November, 1924, Earl Corwin, claiming to be and acting as a federal prohibition agent of the state of Washington, appeared before said respondent and made complaint against the relator and others, charging a crime was being committed against the United States in violation of the National Prohibition Act, and praying that a warrant issue by said respondent for the search of the offices of affiant in room 1026 in the L. C. Smith Building, * * * and of the furniture, safes, receptacles, cabinets, desks, and equipment of such offices; * * * that prior to the issuance of such warrant no showing of probable cause * * * was made or shown, * * * nor were any facts set forth or shown tending to establish the grounds of the application, or probable cause. * * * Under and by virtue of the color of authority conferred upon them by such warrant, J. W. Simmons (and others named), claiming

to be officers of the United States empowered to execute said warrant, entered the office of the relator, * * * and against the protest of relator made search * * * and took and carried away therefrom certain papers and files, * * * some of which belong to him personally, some of which belong to his clients and have been intrusted to his care as an attorney, * * * all of which are of more or less confidential nature and of great value to him personally and in the practice of his profession, and many of which are necessary for him in the preparation and conduct of cases now pending in court, or about to be commenced therein; * * * no liquors, intoxicating or otherwise, were found in his office; * * * that your relator is without any plain, speedy, or adequate remedy in the ordinary course of law, and there is no appeal; * * * that your relator has reason to believe and does believe that in the instant matter no return will be made to such warrant within the time prescribed by law, or within any time within reason; that no hearing of a motion to quash said warrant, or of the facts or bases for the issuance of such warrant, if controverted before said respondent, could or would be heard before said respondent within such period of time as would prevent irreparable injury to your relator being done."

Upon the filing of the amended petition the court set the matter for hearing, at which time the relator appeared in his own behalf, and the respondent represented by the United States attorney. It is contended by the relator that this is an original proceeding to stay and supersede the proceedings before the commissioner. Respondent contends, by special appearance, that the court is without jurisdiction by section 10496¼b, C. S., and that the District Judge, judges of state courts of record, and United States commissioners have the same power to issue search warrants, and that this court is without power to review the action of the commissioner, who has equal powers under this section, and that the court has no inherent power to review the acts of a ministerial officer of the government, the commissioner being a ministerial officer of the court and having no judicial power, and that issuance of a search warrant is not a judicial function.

J. L. Finch, of Seattle, Wash., pro se.

C. T. McKinney, Asst. U. S. Atty., of Seattle, Wash., for respondent.

3 F.(2d)—32

NETERER, District Judge (after stating the facts as above). The relator invokes the original jurisdiction and "prays a writ of certiorari," an order of injunction against persons not parties to this action, and the impounding of papers, etc., seized under a search warrant issued by the respondent, "a United States commissioner," and alleged to be in possession of the parties who executed the warrant.

[1] Certiorari is a writ having several purposes; one to enable a court of reviewing power to examine the action of an inferior court. Another is to enable the court to get further information in an action then pending before it for adjudication. L. N. A. & C. R. Co. v. L. T. Co. (C. C.) 78 F. 659. It is a proceeding appellate, in the sense that it involves a limited review of the proceedings of an inferior jurisdiction (Basnet v. City of Jacksonville, 18 Fla. 529), and lies only to inferior courts and officers exercising judicial powers, and is directed to the court, magistrate, or board exercising such powers, requiring the certification of the record in a matter already terminated (People v. Walter, 68 N. Y. 403; People v. Livingston County, 43 Barb. [N. Y.] 232). Its function is not to restrain or prohibit, but to annul. Gauld v. City and County of S. F., 122 Cal. 18, 54 P. 272. It is a revisory remedy, for the correction of errors of law apparent upon the record, and will not lie where there is another remedy, except for want of jurisdiction. Farmington River & Waterpower Co. v. Co. Com'rs, 112 Mass. 206; LaMar v. Co. Com'rs, etc., 21 Ala. 772; Thompson v. Reed, 29 Iowa, 117; Memphis & C. R. Co. v. Brannum, 96 Ala. 461, 11 So. 468; McAloon v. License Com'rs, etc., 22 R. I. 191, 46 A. 1047; Saunders v. Sioux City Nursery Co., 6 Utah, 431, 24 P. 532.

[2] The scope of the writ has been enlarged, so as to serve the office of a writ of error. Degge v. Hitchcock, 229 U. S. 162, 33 S. Ct. 639, 57 L. Ed. 1135. If this court has power to issue the writ sought, it obviously could not, in this, an original proceeding against the respondent, "a United States commissioner, * * *" enjoin strangers to this action (U. S. v. Maresca [D. C.] 266 F. 713), or require parties not before the court, even though the warrant was issued to and executed by them, to surrender and deliver up property taken, nor direct an officer of this court to pursue such parties and take from their possession docu-

ments, evidentiary or otherwise, which may have been wrongfully taken.

[3] The court, no doubt, has power to supervise the conduct of its officers (Griffin v. Thompson, 43 U. S. 241, 11 L. Ed. 253), and a United States commissioner, while not strictly an officer of the court, may to a degree be subject to its supervisory control. U. S. v. Allred, 155 U. S. 591, 15 S. Ct. 231, 39 L. Ed. 273. His powers grew from authority to take oaths and acknowledgments to that of an examining and committing magistrate (section 1014, Rev. Stats. [Comp. St. § 1674]; U. S. v. Beavers [D. C.] 125 F. 778; Todd v. U. S., 158 U. S. 278, 15 S. Ct. 889, 39 L. Ed. 982), and while so acting discharged judicial functions, and had "no divided responsibility with any other officer of the government" (U. S. v. Schumann, Fed. Cas. No. 16,235; U. S. v. Beavers, supra). He performed quasi judicial functions and possessed such powers as were especially conferred. U. S. v. Tom Wah (D. C.) 160 F. 207. He has no power to punish for contempt. Ex parte Perkins (C. C.) 29 F. 900; In re Perkins (D. C.) 100 F. 950, at 954. The Espionage Act confers special powers in providing for the issuance of search warrants and prescribes the procedure with relation thereto:

Section 10496¼a, Comp. St. 1918, Comp. St. Ann. Supp. 1919: "A search warrant * * * may be issued by a judge of a United States District Court, or * * * by a United States commissioner."

Section 10496¼c: It "cannot be issued but upon probable cause, supported by affidavit. * * *"

Section 10496¼f: "If the * * * commissioner is * * * satisfied of the existence of the grounds, * * * he must issue a search warrant * * * stating the * * * probable cause. * * *"

Section 10496¼k: "A search warrant must be executed and returned to the * * * commissioner who issued it within ten days; * * * after * * * this time * * * unless executed [it] is void."

Section 10496¼o: "If the grounds * * * be controverted * * * the * * * commissioner must proceed to take testimony. * * *"

Section 10496¼p: "If it appears that the property or paper taken is not the same as that prescribed in the warrant or that there is no probable cause, * * * the * * * commissioner must cause it to be restored to the person from whom * * * taken. * * *"

Section 10496¼q: "The * * *. commissioner must annex the affidavits, search warrant, return, inventory, and evidence, and * * * at once file the same, together with a copy of the record of his proceedings, with the clerk of the court. * * *"

It is obvious that a complete procedure is provided. No supervisory power or appellate jurisdiction is given to the District Judge. If the court may review, it must be because of inherent power. The power of the commissioner on the issuance of a search warrant is equal to that of the District Judge. The power of each emanates from a common source. The Congress has the power "to constitute tribunals inferior to the Supreme Court." Const. U. S. art. 1, § 8, cl. 9; article 3, § 1. The power to create implies the power to limit the jurisdiction. U. S. v. Hudson, 11 U. S. (7 Cranch) 32, 3 L. Ed. 259. The federal court is of limited jurisdiction, and has no power except such as is expressly granted or necessarily implied. Turner v. Bank of N. A., 4 Dall. 9, 1 L. Ed. 718. Within this limitation it is a court of general jurisdiction. Toledo, S. L. & W. R. Co. v. Perenchio, 205 F. 472, 123 C. C. A. 540. The District Courts have power to issue writs not specially provided for by statute, which may be necessary for the exercise of their respective jurisdictions and agreeable to the usages and principles of law. Comp. Stats. § 1239; Rev. Stats. § 716.

[4] Can a District Judge, without statutory authority, "agreeable to the usages and principles of law," by certiorari review "a search warrant" proceeding of a United States commissioner, who is given equal power by the Congress? If so, can one District Judge review the act of another District Judge in like manner? It is plain, however, that the commissioner proceedings have not been concluded, and that the relator has not exhausted his remedy before the commissioner.

The office and history of a United States commissioner is clearly given by Judge Hough in U. S. v. Maresca, supra. While the court has the right to issue the writ (In re Chetwood, 165 U. S. 462, 17 S. Ct. 385, 41 L. Ed. 782), Judge Hough, in U. S. v. Maresca, supra, said:

"It does not follow that a certiorari must issue, and as against a magistrate exercising only the arresting and committing powers, it ought not to issue, and, unless im-

posed by statute, cannot issue under customary law, as is well and I think conclusively shown by Magie, J., in Farrow v. Springer, 57 N. J. Law, 353, 31 A. 215. There is no statutory imposition of that remedy by Congress, and therefore, in my opinion, it does not exist in this matter."

He also held that a United States commissioner, under the present law, in issuing a search warrant, exercised the powers of the District Court (section 10496¼a, supra), and while so acting "was sitting in the District Court," and the law seems to so read. He also said at page 723:

"The view that this entire matter of issuing a search warrant and then directing the return of what was seized thereunder is a District Court proceeding is confirmed by study of the nature and history of the case reported as Veeder v. United States, 252 F. 414, 164 C. C. A. 338" (certiorari refused 246 U. S. 675, 38 S. Ct. 428, 62 L. Ed. 933), and that a writ of error would lie to the Circuit Court of Appeals from the commissioner's act, and denied the motion to return property taken because the proceeding " * * * was in the District Court by a judicial officer, subordinate, but independent, sitting as a committing magistrate, having equal power with any judge authorized to hold a District Court."

Judge Hand, in U. S. v. Casino (D. C.) 286 F. 976, at 979, after referring to U. S. v. Maresca, supra, held that the United States commissioner, in issuing a search warrant, acted in a ministerial capacity, and the writ would be improper, and at page 981 said:

"It is clear that certiorari, assuming that this court has power in a proper case to issue that writ [citing cases], is not necessary, and indeed, if the action of the commissioner be not judicial, the common-law writ, which is all that could go in any event, would be improper."

The writ, if this court has power to issue it, is not necessary, and in my opinion would be improper. Plaintiff relator has other adequate remedy.

From any viewpoint of approach the petition must be denied.

NOTE.—See, also, Bates v. Payne, 194 U. S. 106, 24 S. Ct. 595, 48 L. Ed. 894; Marquez v. Frisbie, 101 U. S. 473, 25 L. Ed. 800; In re 1169 Myrtle Ave. (D. C.) 288 F. 384; In re Alpern (D. C.) 280 F. 435; U. S. v. Rauch (D. C.) 253 F. 814; U. S. v. Berry (D. C.) 4 F. 779; The Mary (D. C.) 233 F. 121 (decision by the writer).