[Civ. No. 9979. Second Appellate District, Division Two.—October 30, 1934.]

E. G. GRIFFITH, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

William Ellis Lady for Petitioner.

Frank S. Hutton for Respondents.

WILLIS, J., *pro tem.*—This is a proceeding in *certiorari*, and in our view of the case no extended or detailed statement of facts or discussion of law is necessary.

■ In a pending action to foreclose a mortgage on real property the superior court entered an order appointing an appraiser to appraise the property in question under the

provisions of section 726 of the Code of Civil Procedure as amended in 1933, such appraisement being usable as evidence thereafter at a trial of the case to mark the extreme limit of possible deficiency judgment therein.

 A writ of review lies only when the inferior tribunal, board or officer exercising judicial functions has exceeded the jurisdiction of such tribunal, board or officer, and there is no appeal nor, in the judgment of the court, any plain, speedy and adequate remedy. (Code Civ. Proc., sec. 1068.) The language of the section limits it to cases where the tribunal "has exceeded" its jurisdiction. It does not lie to determine the correctness, in point of law, of rulings or decisions made by such court upon questions arising in the course of the proceeding or cause preliminary to a final determination regarding the action which it is asked to take in the matter. (*Holabird* v. *Railroad Com.*, 171 Cal. 691 [154 Pac. 831]; *People* v. *County Judge*, 40 Cal. 479; *Sayers* v. *Superior Court*, 84 Cal. 642 [24 Pac. 296]; *Gumilla* v. *Industrial Acc. Com.*, 187 Cal. 638 [203 Pac. 397]; *Howe* v. *Superior Court*, 95 Cal. App. 769 [274 Pac. 992].)

The writ is denied.

Stephens, P. J., and Desmond, J., concurred.

An application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 27, 1934.