JUAN JOSÉ ORTIZ DEL RIVERO ET AL., Petitioners and Appellees, v. PEACE COURT OF LAS PIEDRAS, Respondent and Appellant.

No. 7417. Argued March 9, 1938.—Decided April 8, 1938.

38

Mr. Justice Travieso delivered the opinion of the court.

The eight hundred and fifteen petitioners and appellees herein, residents of Las Piedras, filed applications to be registered as voters in the electoral precinct of that municipality. Pedro Martínez, José Cáceres, and Mariano Lebrón filed duly signed petitions requesting the exclusion of each and every one of the applicants, who thereupon filed the counter-affidavits required by law so that their names could remain on the electoral lists. The above-mentioned petitions for exclusion were denied by the Insular Board of Elections and accordingly the names of all the original applicants remained on the electoral lists. Modesto Velázquez Flores, a different person from any of those who had applied for the exclusion of the voters, took an appeal from the decisions of the Insular Board of Elections. At the hearing

before the Peace Court of Las Piedras, the voters moved to dismiss each and every one of the appeals on the ground that the notices of appeal were signed by Modesto Velázquez Flores who had not signed the original petitions for the exclusion of the applicant voters. After these motions had been denied and the appeals had been decided against the voters, they applied to the District Court of Humacao for a writ of certiorari, to review and annul the decisions rendered by the above-mentioned peace court. The petitioners also requested that the judge of said court be taxed with costs and attorney's fees.

The writ was issued on August 10, 1936, and on September 1, 1936, the day set for the hearing, the respondent judge appeared and moved that the writ be discharged on the following grounds:

"1. That neither the petition nor the writ issued contain sufficient facts to inform the respondent court of the documents and proceedings which should be certified by it to the district court.

"2. The facts alleged in the petition are insufficient to constitute a cause of action.

"3. That the petition has not been sworn to by interested parties nor by any aggrieved party.

"4. That the district court is without jurisdiction because the oath to the petition is null and void, as Juan José Ortiz del Rivero had no authority to make such an oath.

"5. Misjoinder of parties and causes of action, as each case and proceeding should be prosecuted by means of a separate petition for certiorari.

"6. That the remedy by certiorari does not lie inasmuch as the petitioners have an adequate and sufficient remedy in the ordinary course of law."

On September 14, 1936, the district court rendered judgment annulling the decisions entered by the Peace Court of Las Piedras in 793 of the cases filed by the petitioners and discharged the writ with regard to the voter Francisca Rodríguez Cruz. Feeling aggrieved by that judgment, the respondent court appealed to this Supreme Court.

On September 28, 1936, the lower court on motion of the petitioners and in order to secure the effectiveness of the judgment, entered an order directed to the Insular Board of Elections and to each of the members thereof restraining them, under penalty of punishment as for contempt, from eliminating the names of the petitioners from the electoral lists. An appeal was also taken from this order.

The appellant judge charges the district court with the commission of seven errors. We shall discuss them in the same order in which they are stated in the brief of the appellant.

 In the first assignment it is urged that the writ of certiorari was not lawfully issued: (*a*) because no mention was made therein of the names of the persons in whose favor it was issued nor of the proceedings which were sought to be reviewed; and (*b*) because it was granted *ex parte*.

From the record it appears that the petition was entitled "Juan José Ortiz del Rivero *et al.*, petitioners, v. Peace Court of Las Piedras, Puerto Rico, Angel Rodríguez, Judge, respondent"; that in the first paragraph of the petition the names of 815 petitioners are set forth; and that in paragraphs 3 to 9 inclusive there is a description of the proceedings had before the Peace Court of Las Piedras which were sought to be reviewed by the petition for certiorari. It also appears that the order of the court authorizing the issuance of the writ was entered on August 10, 1936, and that the writ was issued by the clerk and notified by the marshal to the respondent on that same date. In his certified return the marshal states that he served the order of the court by delivering a copy of it to the respondent and also a copy of the petition and by informing him "that he should immediately send up to this court each and every one of the electoral appeals concerning the petitioners so that the proceedings before the peace court could be reviewed"; and that he notified the respondent that the hearing of the case had been set for September 1, 1936.

From the certificate of the minutes of the lower court it appears that, pursuant to the writ issued, the respondent made the corresponding return, and sent to the district court, more than ten days before September 1, which was the date set for the hearing, the records of the cases of the petitioners with the exception of twenty-one cases which, according to the respondent, had never been before the peace court.

In view of the above showing from the record, we must decide that the respondent had ample information with regard to the names of the persons in whose favor the writ was issued and with regard to the proceedings which were to be reviewed by the district court. The defects pointed out by the appellant in his first assignment did not at all prejudice the respondent as is shown by the fact that he made a return in accordance with the law. The objections at the time of the hearing and after he had complied with the writ came too late and the lower court did not err in dismissing them. See 11 C. J. 165 and *Baker* v. *Superior Court,* 71 Cal. 583.

█ In the second assignment the validity of the writ is attacked on the ground that it was not issued in the name of the "United States of America, the President of the United States, SS," as is required by section 10 of the Organic Act of Puerto Rico, which reads as follows:

"That all judicial process shall run in the name of the 'United States of America, *ss,* the President of the United States' . . . ."

In the order of August 10, 1936, whereby the issuance of the writ of certiorari was authorized and the clerk was directed to issue the corresponding writ, the language prescribed by section 10 of the Organic Act, *supra,* does not appear. The caption of the writ issued by the clerk under the seal of the court, served by the marshal, and carried out by the respondent contains the words required by the statute.

The appellant argues that the judicial process to which reference is made in the statute is the order by which the court, to which the petition has been presented, authorizes the

issuance of the writ of certiorari and not the writ issued by the clerk. It is on that erroneous interpretation of the law that the whole argument of the respondent is based, claiming that the proceeding was void.

In appellant's brief we find the correct definition of what is meant by process. It is as follows:

"Process, means the writ, notice, or other formal writing, issued by authority of law for the purpose of bringing defendant into a court of law to answer plaintiff's demands in a civil action." 32 Cyc. 420 (Title "Process"), Lewis Law Dictionary, page 258.

In Bouvier's Law Dictionary, (1897 ed.), vol. 2, page 766, we find the following definition:

"Process. In Practice. The means of compelling a defendant to appear in court, after suing out the original writ, in civil, and after indictment, in criminal, cases. The method taken by law to compel a compliance with the original writ or commands of the court."

The writ issued by the clerk under the seal of the court and served upon the justice of the peace by the marshal was the judicial process by means of which the district court acquired jurisdiction over the person of the respondent. That writ in our opinion conformed to the requirements of the Organic Act and of sections 670 to 674 of the Code of Civil Procedure, 1933 ed. See also section 498 of the Code of Criminal Procedure.

██ The appellant in his third assignment maintains that the lower court erred in authorizing the issuance of the writ without the petition having been sworn to by any interested or aggrieved party, as the person who made the oath had no power or standing to do so.

The petition was made on behalf of 815 voters who claimed to have been erroneously excluded from the electoral lists, and was verified by one of them, Juan José Ortiz del Rivero. The objection of the respondent was based on the claim that the name of Juan José Ortiz del Rivero had not been stricken

from the lists. In support thereof the respondent offered in evidence a certificate from the Superintendent of Elections which was not admitted by the court. The objection was made and the evidence offered at the hearing on September 1, 1936, more than ten days after the respondent had made his return in obedience to the writ issued by the court.

One of the functions of a writ of certiorari is to bring before the court which issues it, for review, a judgment or decision of a lower court which has been entered without jurisdiction, where there is no appeal or where an appeal would not provide a clear, speedy, and adequate remedy. In the extraordinary remedy by certiorari, the return of the lower court amounts to the answer and evidence in the case upon which the hearing should be held, unless a motion is made to be allowed to file an additional or amended return. *Stumpf* v. *Board of Supervisors*, 131 Cal. 364; *Piovanetti* v. *Municipal Assembly*, 31 P.R.R. 496. This being so, any formal defects not affecting the jurisdiction of the court which issued the writ were cured or waived by the filing of the return.

The argument of the appellant in support of his contention that the petition does not state facts sufficient to constitute a cause of action, does not convince us. The best evidence of the fact that the petition gave the respondent court all the information necessary with regard to the proceedings which were to be reviewed, lies in the fact that after receiving a copy thereof the judge made a complete return, and certified up to the district court the records of the appeals of the petitioners.

The petition presented, in clear and precise terms, a jurisdictional question and a procedural error reviewable by certiorari. This question, which in our opinion is the only fundamental one raised by this appeal, involves an interpretation of section 32 of the Election Law of Puerto Rico, as amended by Act No. 3 of June 29, 1936 (Session Laws, (2) p. 8), which in its pertinent part reads as follows:-

"Section 32.—Every person whose cancellation of registration as a voter has been ordered by the Insular Board of Elections, and every person whose petition for the exclusion of a registration has been rejected or denied by the Insular Board of Elections, may appeal from the decision of said Board to the Municipal court of the municipality to which said registration list corresponds, if there is a municipal court in said muncipality; but if there is no municipal court in said municipality, said appeal shall be taken to the peace court thereof."

The principle that an appeal is a statutory right which does not exist unless expressly granted by statute has become a settled rule of law. According to section 32, *supra,* only the voter excluded or the challenger whose petition for exclusion has been dismissed, as the case may be, can appeal from the decision of the Insular Board of Elections decreeing or denying the exclusion of any voter from the lists. Consequently, a person who has not intervened in the proceeding for exclusion can not appeal, as was the case with Modesto Velázquez Flores who was not the person who verified and presented the petitions for the exclusion of the petitioning electors. The decisions rendered by the Insular Board of Elections denying the petitions for exclusion signed by challengers Pedro Martínez, José Cáceres, and Mariano Lebrón became final when no appeal was taken therefrom by said challengers. The notices of appeal signed by Modesto Velázquez Flores conferred no jurisdiction upon the Peace Court of Las Piedras, as they were null and void. The judgments entered by said court reversing the decisions of the Insular Board of Elections were rendered without jurisdiction and are legally void. The district court did not err in decreeing their nullity.

The fifth assignment relates to the overruling of the demurrer filed on the ground of misjoinder of parties and causes of action. The court did not err in overruling it. The interposition of said demurrer after the return had been made, which amounted to an answer by the respondent, came too late. Any defect in the joinder of parties or causes of action was waived or cured by the filing of the return.

The error committed by the peace court in reversing the decisions of the Insular Board of Elections without jurisdiction to do so, was common to and equally affected each and every one of the petitioners. They had a common interest in having the error corrected and in not being unjustly deprived of their right to be registered as voters. The respondent was only one, the Peace Court of Las Piedras, and in a case like the present one it could not be at all prejudiced by the fact that its alleged error should be reviewed and corrected or annulled upon the petition of 815 voters, instead of being reviewed 815 different times by virtue of as many individual petitions filed separately by each of the voters aggrieved by such error. Considering the fact that the fundamental mission of the courts is to administer speedy justice, avoiding legal technicalities raised for the sole purpose of interfering with the free exercise of the right of suffrage, we are of the opinion that the lower court did not err in overruling the demurrer as to misjoinder of parties and of causes of action. See section 66, Code of Civil Procedure.

The appellant says that the remedy by certiorari did not lie because the petitioners had an adequate remedy at law.

Conceding, without holding, that the judgments of the peace court decreeing the exclusion of the voters whose inclusion had been ordered by the board were appealable to the district court, that fact alone would not be an unquestionable ground for denying the writ of certiorari. In order to be a bar to the granting of a writ it is necessary that the remedy by appeal be speedy, adequate, and sufficient for the protection of the rights of the petitioners. When it is not, a court which in the exercise of its discretionary powers issues a writ to review errors committed by a lower court, acts correctly.

The prosecution of 815 appeals, which most certainly could not have been heard and decided before the date set for the

elections, because of the excessive amount of work which burdens the courts during a period of elections, was indeed not a speedy and adequate remedy for the protection of the rights of the petitioners who would have been deprived of the vote had it not been for the intervention of the district court by means of the writ complained of. *People* v. *County Judge,* 40 Cal. 479; *Bennett* v. *Wallace,* 43 Cal. 25; *Creditors of Avalo Sánchez et al.* v. *Estate of Díaz,* 12 P.R.R. 81; *Núñez* v. *Soto Nussa,* 14 P.R.R. 190; *Ríos* v. *Ríos,* 15 P.R.R. 247; *Argüelles* v. *Rossy,* 19 P.R.R. 995; *Sánchez* v. *Cuevas Zequeira,* 23 P.R.R. 47; *San Juan Racing & Sporting Club* v. *Foote,* 31 P.R.R. 154.

The last assignment charges the lower court with error in having entered an order to secure the effectiveness of the judgment by restraining the Insular Board of Elections from eliminating the names of the petitioners from the electoral lists.

We do not agree with the appellant that the order securing the effectiveness of the judgment was null and void by the mere fact that it was entered after the taking of the appeal to this Supreme Court. *Buxó* v. *District Court,* 51 P.R.R. 311. But even granting that there was error in its issuance, we would have to hold that said error is not a sufficient ground on which to reverse the decision appealed from. The Insular Board of Elections, as well as the Peace Court of Las Piedras, was bound to respect the judgment annulling the decisions of the peace court, without the necessity of an order to secure the effectiveness of said judgment. Inasmuch as the judgments of the peace court were not subject to execution, they having been annulled, and similarly as to the decision of the district court, from which an appeal had been taken, the Insular Board of Elections was bound to maintain the *statu quo* created by it when it decreed the registration of the voters. The error could in no way have prejudiced the appellant judge, and it should be dismissed.

The judgment and order appealed from must be affirmed.