[No. 5645. In Bank.—January 23, 1911.]

## In the Matter of J. W. HUGHES, Judge of the Superior Court of Sacramento County.

CRIMINAL LAW — ASSAULT WITH INTENT TO MURDER — INFORMATION —DEADLY WEAPON.—An information charging that the defendant, at a stated time and place, "did willfully, unlawfully, and feloniously, and with malice aforethought, assault one Caesar Vervoort, a human being, with a deadly weapon, with intent then and there him, the said Caesar Vervoort, to kill and murder," sufficiently describes the offense of assault with intent to commit murder. It was not necessary to further describe the weapon alleged to be "deadly." The use of a weapon need not have been mentioned at all.

ID.—JUDGMENT OF CONVICTION—DISCHARGE ON HABEAS CORPUS.—A judgment of the superior court of the county of the venue convicting the defendant, under such information, of the crime of assault with intent to commit murder, was in effect an adjudication that the information was sufficient, by a court having jurisdiction to decide that question, and was conclusive upon the superior court of other counties upon that point; and a judgment of another court, in *habeas corpus* proceedings, holding the commitment void and discharging the defendant, was erroneous.

ID.—JURISDICTION TO INQUIRE INTO LEGALITY OF COMMITMENT—CERTIORARI.—Under section 5 of article V of the constitution, the superior court of the county in which the defendant was in actual custody, under a commitment based upon such information, had jurisdiction to hear and determine a proceeding in *habeas corpus* to inquire into the legality of his commitment, and power, upon the hearing, to determine the legal effect of the judgment of conviction, and its judgment therein, holding the petition for the writ sufficient and the judgment of conviction void for insufficiency of the information, although erroneous, cannot be annulled on *certiorari.*

ID.—INSUFFICIENCY OF PETITION FOR WRIT OF HABEAS CORPUS.—The insufficiency of the petition for a writ of *habeas corpus* is not a defect which destroys the jurisdiction of the superior court to entertain the proceeding, issue the writ, and decide the case. It had power to determine whether the petition was good or bad, and its decision that it was good was an error of law and not an excess of jurisdiction.

ID.—APPEAL DOES NOT LIE FROM JUDGMENT IN HABEAS CORPUS.—No appeal lies from a judgment given in a proceeding in *habeas corpus*.

ID.—REVIEW ON CERTIORARI—EXCESS OF JURISDICTION.—The supreme court has jurisdiction in *certiorari* to review a judgment of the superior court only in a case where that court has exceeded its jurisdiction, and in such cases only for the purpose of inquiring whether or not the judgment sought to be reviewed was in excess of jurisdiction. It cannot consider or correct errors of law committed by the inferior court in the exercise of its authority on the merits of the cause it has jurisdiction to entertain and decide.

ID.—JURISDICTION IN HABEAS CORPUS PROCEEDINGS.—The superior court, in *habeas corpus* proceedings, is not acting under a limited statutory authority, but under the general jurisdiction given by the statute, and section 1474 of the Penal Code, in providing that the petition in *habeas corpus* must "state in what the alleged illegality" of the imprisonment consists, cannot be construed to limit or modify such jurisdiction.

ID.—DEFECTS IN PROCEDURE NOT FATAL TO JURISDICTION.—Defects in mere procedure, where general jurisdiction exists, are errors of law not fatal to the jurisdiction.

ID.—DISCHARGE OF PRISONER ON HABEAS CORPUS CANNOT BE ANNULLED ON HABEAS CORPUS.—The supreme court has no power, in a proceeding in *certiorari*, to annul a judgment of the superior court, or an order of a judge thereof, regularly made after obtaining jurisdiction of the parties, discharging a prisoner lawfully committed to the state prison upon conviction of a crime.

APPLICATION for a Writ to review and annul an order of the Superior Court of Sacramento County discharging from custody one Frank Horning, a convict in the Folsom state prison. J. W. Hughes, Judge.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General; R. C. Van Fleet, Deputy Attorney-General; J. D. Fredericks, District Attorney, and John C. North, Deputy District Attorney, for Petitioner.

Garret W. McEnerney, for Respondent.

SHAW, J.—This is a proceeding to review and annul an order of the superior court of Sacramento County discharging from custody one Fred Horning, a convict in the Folsom state prison.

Horning was charged by information in the superior court of Los Angeles County with the crime of assault with intent to commit murder. He entered a plea of guilty and in September, 1908, was sentenced to confinement in the state prison at Folsom for the period of fourteen years. In May, 1910, he applied for a writ of *habeas corpus,* by petition addressed to the superior court of Sacramento County. The writ was issued, a return duly made showing that he was confined in the state prison, under judgment of conviction in the superior court of Los Angeles County. The petition for the writ of *habeas corpus* alleged that he was imprisoned on said judgment, but that the imprisonment was illegal and said judgment null and void because the information did not state facts sufficient to constitute a public offense. Upon the hearing he was ordered to be released from prison. The attorney-general and the district attorney of Los Angeles County thereupon instituted this proceeding, claiming that the superior court of Sacramento County, in discharging the prisoner, was acting in excess of its jurisdiction.

The information charged that, in the county of Los Angeles, on December 15, 1906, said Fred Horning "did willfully, unlawfully and feloniously and with malice aforethought, assault one Caesar Vervoort, a human being, with a deadly weapon, with intent then and there him, the said Caesar Vervoort to kill and murder," contrary, etc. This was a sufficient description of the offense of assault with intent to commit murder. It was not necessary to further describe the weapon alleged to be "deadly." (*People* v. *Congleton,* 44 Cal. 94; *People* v. *Savercool,* 81 Cal. 651, [22 Pac. 856].) The use of a weapon need not have been mentioned at all. Furthermore, the judgment of the superior court of Los Angeles County that Horning was guilty of assault with intent to commit murder was, in effect, an adjudication that the information was sufficient, by a court having jurisdiction to decide that question, and it was conclusive upon the Sacramento superior court upon that point. There can be no doubt, therefore, that the judgment

of the latter court holding the commitment void and discharging the prisoner was erroneous.

But this is not an appeal from the decision in the *habeas corpus* case. No appeal lies from a judgment given in a proceeding in *habeas corpus.* (*In re Perkins,* 2 Cal. 430; *People* v. *Schuster,* 40 Cal. 627.) This is an application for a writ of review or *certiorari.* The supreme court has jurisdiction in *certiorari* to review a judgment of the superior court only in a case where that court has exceeded its jurisdiction (Code Civ. Proc., sec. 1068), and in such cases only for the purpose of inquiring whether or not the judgment sought to be reviewed was in excess of jurisdiction, or as the code expresses it, "the review upon this writ cannot be extended further than to determine whether the inferior tribunal, board, or officer has regularly pursued the authority of such tribunal, board, or officer." (Code Civ. Proc., sec. 1074.) If such tribunal has regularly pursued its authority, our inquiry stops. We cannot consider or correct errors of law committed by the inferior court in the exercise of its authority on the merits of the cause it has jurisdiction to entertain and decide. No matter how erroneous that decision may be, even on the face of the record, we have no power to change, annul, or reverse it in this proceeding, if that court had jurisdiction to act in the matter before it. This has been repeatedly stated in former decisions of this court.

"Mere irregularity intervening in the exercise of an admitted jurisdiction—mere mistakes of law committed in conducting the proceedings in an inquiry which the board had power to entertain— . . . are not to be considered here upon *certiorari,* otherwise that writ is to be turned into a writ of error. . . . Jurisdiction is the power to hear and determine—this is the general definition. Jurisdiction, as applied to a particular claim or controversy, is the power to hear and determine that controversy. The mere grounds upon which the determination is reached may or may not be correct in themselves. These may be supported by evidence inadmissible when tested by the rules governing the introduction of evidence. The reasons given for the conclusion arrived at may or may not be such as address themselves to the judgment of others; but erroneous views entertained, or incorrect reasons assigned, or evidence erroneously admitted in deciding the controversy,

do not make a case of want of jurisdiction." (*Central Pacific R. R. Co.* v. *Placer Co.,* 43 Cal. 367; *Andrews* v. *Pratt,* 44 Cal. 318; *Central Pacific R. R. Co.* v. *Placer Co.,* 46 Cal. 670; *Whitney* v. *Board,* 14 Cal. 499; *People* v. *Burney,* 29 Cal. 460; *People* v. *Elkins,* 40 Cal. 647; *Von Roun* v. *Superior Court,* 58 Cal. 358; *Wiggin* v. *Superior Court,* 68 Cal. 402, [9 Pac. 646] ; *Farmers' etc. Bank* v. *Board,* 97 Cal. 326, [32 Pac. 312] ; *White* v. *Superior Court,* 110 Cal. 64, [42 Pac. 480] ; *Quinchard* v. *Board,* 113 Cal. 668, [45 Pac. 856].) "Upon every question, except the mere question of power, the action of the inferior tribunal is final and conclusive." (*Whitney* v. *Board,* 14 Cal. 499.)

The constitution gives the superior courts and the judges thereof "power to issue writs of . . . *habeas corpus,* on petition by or on behalf of any person in actual custody in their respective counties." (Art. VI, sec. 5.) Horning was in the actual custody of the warden of the state's prison in Sacramento County. On his behalf a petition was regularly presented to the superior court of that county for a writ of *habeas corpus* for his release. The writ was regularly issued, regularly served on the warden and his return thereon was regularly made and filed. The superior court therefore had jurisdiction of the subject-matter and of the parties concerned. That jurisdiction was in all respects regularly exercised; the authority was regularly pursued. That court made a mistake of law in holding that the petition stated facts sufficient to justify the release of the prisoner. A copy of the judgment of the superior court of Los Angeles County which was alleged to be void was made a part of the petition. It was valid on its face and the facts stated in the petition did not make it void. It was therefore conclusive as to the legality of the detention and the court erred in holding that it was not. On the hearing an error of law was again committed in deciding that the information was insufficient and that such defect invalidated the judgment of conviction. But the insufficiency of the petition for the writ of *habeas corpus* was not a defect which destroyed the jurisdiction of the superior court of Sacramento County to entertain the proceeding, issue the writ, and decide the case. It had power to determine whether the petition was good or bad, and its decision that it was good was an error of law and not an excess of jurisdiction. A judgment

based on a complaint which does not state facts sufficient to constitute a cause of action, is not for that reason a judgment in excess of jurisdiction, or void, if the court rendering it has jurisdiction of cases of the kind which the complaint attempts to allege. *Crane* v. *Cummings,* 137 Cal. 202, [69 Pac. 984] ; *Hayward* v. *Pimental,* 107 Cal. 389, [40 Pac. 545] ; *Moore* v. *Martin,* 38 Cal. 436; *Brush* v. *Smith,* 141 Cal. 470, [75 Pac. 56] ; quoting with approval from *North P. C. Co.* v. *Thomas,* 26 Or. 381, [46 Am. St. Rep. 636, 38 Pac. 307], the following : "If the object of a plaintiff can be ascertained from the allegations of his complaint, and the court has power to grant the relief demanded, and jurisdiction of the parties, the judgment is not vulnerable to a collateral attack although the complaint may be bad in substance." This, of course, is based on the ground that a bad complaint does not affect the jurisdiction of the court to hold it good and render judgment thereon for the relief asked.

If that defect did not divest jurisdiction to grant the writ of *habeas corpus* and release the prisoner, certainly it cannot be contended that the ruling that the information was bad had that effect. It is suggested that the Sacramento superior court was attempting to review the judgment of the Los Angeles superior court, which it had no power to do. But that is not an accurate statement of the ruling in question. The court had *power,* upon the hearing, to determine the legal effect and validity of any judgment offered in evidence. It had power to err in so doing and its error was an exercise of the power and not in excess of it.

There are cases holding that where a court, even of general jurisdiction, is exercising a limited statutory power, and a statute conferring the power declares that it may be exercised upon the presentation of a petition stating certain facts, the failure to allege such facts is fatal to the jurisdiction of the court and renders its judgment and orders in the proceeding void, even on collateral attack. (*Haynes* v. *Meeks,* 20 Cal. 312, 317; *Meeks* v. *Hahn,* 20 Cal. 626; *Prior* v. *Downey,* 50 Cal. 398, [19 Am. Rep. 656] ; *Estate of Boland,* 55 Cal. 314.) Section 1474 of the Penal Code provides that the petition in *habeas corpus* must "state in what the alleged illegality" of the imprisonment consists. Counsel contend that this brings the case within the rule just stated, that the petition shows on

its face that the imprisonment is legal, and that, hence, that it gave the superior court no jurisdiction to act. It is sufficient to say, in answer to this point, that the superior court, in *habeas corpus* proceedings, is not acting under a limited statutory authority, but under the general jurisdiction given by the constitution. The statute may regulate the procedure, but it cannot limit or modify the jurisdiction. Defects in mere procedure, where general jurisdiction exists, are errors of law not fatal to the jurisdiction. This case does not come within the rule invoked by counsel.

The conclusion necessarily follows that we have no power, in a proceeding in *certiorari*, to annul a judgment of the superior court, or an order of a judge thereof, regularly made after obtaining jurisdiction of the parties, discharging a prisoner lawfully committed to the state prison upon conviction of a crime. There appears to be no lawful method of reviewing such judgment or order, however erroneous it may be. If such review is desired, it can be provided only by legislative act authorizing an appeal by the state or some other mode of annulling such judgment of discharge.

The writ of review is discharged and the proceeding dismissed.

Sloss, J., Angellotti, J., and Lorigan, J., concurred.