[Civ. No. 5902. First Appellate District, Division One.—December 10, 1927.]

JAMES L. McLAUGHLIN, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and GEORGE HEINE, Respondents.

Barry J. Colding, Theodore Hale and Thacher & Wright for Petitioner.

G. C. Faulkner for Respondents.

CASHIN, J.—*Certiorari* to review certain proceedings had before the Industrial Accident Commission.

On December 7, 1926, George Heine filed an application with the Commission for the adjustment of a claim against James L. McLaughlin, the petitioner herein, and New Am-

sterdam Casualty Company as insurer, and after a hearing an award was made against the parties last named. Subsequently a petition for rehearing was filed by James L. McLaughlin alleging that the applicant for compensation was not at the time the injury occurred in the employ of McLaughlin, but was employed by James L. McLaughlin Company, a corporation. The petition for rehearing was granted, and, the corporation having been joined as a party, upon a further hearing it was found that at the time the injury occurred the applicant was in the employ of the corporation named above. An award was accordingly made against the corporation, but contained no order discharging James L. McLaughlin, the petitioner herein, from liability, and it is claimed that by reason of the omission petitioner is entitled to relief in the present proceeding.

■ In order that relief by *certiorari* may be granted there must have been an excess of jurisdiction by a tribunal exercising judicial functions; and an excess of jurisdiction is to be distinguished from errors of either law or fact committed by a judicial tribunal within the limits of its jurisdiction (*In the Matter of Hughes,* 159 Cal. 360, 363 [113 Pac. 684] ; *Karry* v. *Superior Court,* 162 Cal. 281 [122 Pac. 475, 128 Pac. 760]). ■ In the present case the Commission had jurisdiction of the parties to the proceeding and of the subject matter; and its failure to order the discharge of the petitioner from liability, if erroneous, was an error committed in the exercise of its jurisdiction and is not subject to review in this proceeding.

The writ of review is discharged and the proceeding dismissed.

Tyler, P. J., and Knight, J., concurred.