[Civ. No. 3745. Third Appellate District.—February 15, 1929.]

S. LUKE HOWE et al., Petitioners, v. THE SUPERIOR COURT OF SACRAMENTO COUNTY et al., Respondents.

Howe, Hibbitt & Johnston and O. F. Meldon for Petitioners.

Reisner & Deming, McLaughlin & McLaughlin, J. J. Posner and Louis Ferrari for Respondents.

THOMPSON (R. L.), J.—This is an application for a writ of *certiorari* to review the order of the trial judge directing certain witnesses to answer interrogatories which were propounded upon the taking of depositions before a notary public.

The petition alleges that an action for money had and received was pending in the Superior Court of the County of Sacramento. The complaint in that action was couched in the simple form of *assumpsit*. No specific fund was described in the complaint, or sought to be recovered. All of the defendants in that action appear as petitioners in this proceeding. Certain other witnesses, who are not parties to that action, also join as petitioners herein. Prior to the trial of that case a notice to take the depositions of these petitioners before a notary public was given. In the taking of these depositions, on the advice of counsel, each of these witnesses refused to answer questions which sought to elicit information regarding the existence and disposition of a joint bank account, assumed to be owned and held by Mr. and Mrs. J. W. Parker, and which the questions infer was transferred or disposed of by them to the defendants. These questions were objected to on the ground that they were incompetent. The relevancy of this bank account to the issues of the suit in *assumpsit* does not appear. Subsequently, upon notice of such refusal to answer the interrogatories, pursuant to section 1991 of the Code of Civil Procedure, the trial judge directed the witnesses to answer the questions. Thereupon, this petition for a writ of review was presented to this court.

■ It appears that the petitioners Mary Helen Parker and Jack W. Parker, her husband, were not parties to the action for money had and received, incident to which the depositions were being taken; they were strangers to that record, and are therefore not entitled to review the order of the trial court in this proceeding of *certiorari*. (Sec. 1069, Code Civ. Proc.; *Elliott* v. *Superior Court*, 144 Cal. 501, 508 [103 Am. St. Rep. 102, 77 Pac. 1109]; *Tingley* v. *Superior Court*, 8 Cal. App. 47 [96 Pac. 20].)

■ A petition for *certiorari* will not lie, except from the final determination of the proceeding involved. (4 Cal. Jur. 1041, sec. 16.) An order requiring parties to an action to answer questions propounded to them in the taking of a deposition incident to the litigation pending is not such final disposition of the competency or relevancy of the evidence as to warrant the issuing of a writ of review. The taking of depositions as provided by sections 2031 and 2032 of the Code of Civil Procedure is for the purpose of preserving and using the evidence at the trial "subject to all legal exceptions." The preliminary rulings respecting the competency of the evidence, rendered upon the taking of the deposition are in no sense final or conclusive. Where the objections to the evidence are preserved at the taking of the deposition, it will not be assumed the trial judge will improperly rule upon the objections when the evidence is offered at the trial. Moreover, there is no assurance that the depositions will ever be presented or used at the trial. In the event that the depositions are offered at the trial and that the court should erroneously and adversely rule against the plaintiffs with respect to the admission of the evidence they have their remedy by appeal. No contempt proceedings have been threatened. Assuming, however, that the petitioners might be cited to appear before the trial court for persistent refusal to answer the challenged interrogatories, they would then have their remedy. (*Commercial Bank* v. *Superior Court*, 192 Cal. 395 [220 Pac. 422]; *Drew* v. *Superior Court*, 43 Cal. App. 651 [185 Pac. 680].) At the present stage of these proceedings, a writ of *certiorari* is premature. The case of *Commercial Bank* v. *Superior Court, supra,* relied upon by the petitioners, was a writ of prohibition. One of the reasons that writ was granted was because an order to produce

correspondence "was too general in its terms to be capable of enforcement." That case is not authority for the issuing of a writ of *certiorari* under circumstances similar to the present proceeding.

The writ of *certiorari* is an extraordinary remedy, equitable in its nature, the issuing of which rests in the sound discretion of the court. (2 Spelling on Extraordinary Remedies, p. 1646, sec. 1906; 5 R. C. L., p. 254, sec. 6; 11 C. J. 128, sec. 78; *Keys* v. *Marin County*, 42 Cal. 252; *Birch* v. *Board of Supervisors*, 191 Cal. 235 [215 Pac. 903].) To authorize one to resort to this extraordinary remedy to correct mere errors in the admission of evidence in the taking of a deposition would lead to untold mischief, and would obstruct the usual course of procedure.

It is apparent that the order complained of is not final or conclusive, and that the writ should, therefore, be denied. It is so ordered.

Plummer, J., and Finch, P. J., concurred.