[Sac. No. 5337. In Bank.—November 30, 1939.]

SIDNEY E. ESTRIN, Individually, etc., Petitioner, v. SUPERIOR COURT OF SACRAMENTO COUNTY et al., Respondents.

Busick & Busick for Petitioner.

Robert H. Schwab and Richard S. Goldman for Respondents.

THE COURT.—A hearing was granted by this court in the above-entitled action after the District Court of Appeal had dismissed proceedings following the issuance of a writ of *certiorari,* by which the petitioner Estrin sought to have reviewed proceedings theretofore had in the Superior Court on a trial *de novo,* after an appeal had been taken to that court from a justice's court.　　On the return day the respondents filed a demurrer to the petition, together with a motion to dismiss the *certiorari* proceedings for the reason that the

petitioner had failed to file a certified transcript of the proceedings sought to be reviewed, as required by a direction of the District Court of Appeal, pursuant to the provisions of sections 1070 and 1071, Code of Civil Procedure. The dismissal was granted on the grounds advanced in the motion. No ruling was made on the demurrer to the said petition, and the hearing herein was granted in order to give further consideration to the contention of the petitioner that, inasmuch as the filing of the demurrer had the effect of admitting the facts set forth in his petition, he was not required to provide the appellate court with a transcript of the proceedings had in the trial court.

That contention must be upheld. In the case entitled *Bryant* v. *Superior Court,* 16 Cal. App. (2d) 556, 566 [61 Pac. (2d) 483], it was said: "The effect of the demurrer to the petition . . . [was] to adopt as the return to the writ the facts alleged therein (*Burlingame* v. *Justice's Court,* 1 Cal. (2d) 71 [33 Pac. (2d) 669].) . . . ". And in the case last cited, in which the appeal was from a judgment of the Superior Court in a *certiorari* proceeding, wherein the latter court had annulled an order of the justice's court, it was said: "The matter was submitted to the court on a demurrer to the petition. The effect of the demurrer was to adopt as the return to the writ the facts alleged in the petition. (*Stoner* v. *City Council of Los Angeles,* 8 Cal. App. 607 [97 Pac. 692].) The facts set forth in the petition are therefore uncontroverted . . . " To the same effect is the case entitled *Holmes* v. *Justice's Court,* 19 Cal. App. (2d) 362, 364 [65 Pac. (2d) 820, 822], wherein the court said: "When the petitioner herein asked for a writ of review and pleaded all the proceedings had in the justice's court, the demurrer to that petition made the petition the return upon which the review should have been heard. . . . The sole issue before the court was whether the justice's court exceeded its jurisdiction in ordering the perpetual stay of execution, and that issue could be determined upon examination of the record of the Justice's Court as pleaded in the petition and admitted by the return." (See, also, *Stewart* v. *Superior Court,* 101 Cal. 594 [36 Pac. 100]; 4 Cal. Jur., p. 1094.)

Passing to a consideration of the averments of the petition, —in the light of the effect of the demurrer,—from the facts set forth therein it appears that: On or about September 3,

1937, the plaintiff, Novelty Electric Sign Company, a corporation, filed an amended complaint in an action pending in the justice's court, in which the petitioner herein was named as defendant. By the allegations of the complaint the plaintiff sign company stated a cause of action for the recovery of a judgment against the defendant in the sum of $556.20, based upon an agreement in writing made and entered into between the plaintiff and the defendant on or about the 15th day of September, 1936, by the terms of which agreement the plaintiff agreed to construct and sell to the defendant a Neon electric sign, and to install the same upon the premises operated by the defendant under the name of Estrin's Style Shop. It was further alleged that the defendant agreed to pay to the plaintiff as consideration for the agreement the total sum of $556.20, within thirty-five days after completion and installation of the sign, but that no part of such sum had been paid. The complaint also contained a separate cause of action against the defendant for recovery of the sum of $125, which, it was alleged, represented the cost of work, labor and services furnished by the plaintiff to the defendant at the latter's instance and request.

In his answer to the complaint the defendant admitted the execution of the said written agreement for the purchase by him of an electric sign, but alleged that the sign thereafter installed by the plaintiff did not comply with certain specifications with respect to quality, as set forth in the agreement, and, further, that it was not installed in accordance with the terms of the said agreement. After trial was had in the justice's court on those issues, judgment was rendered in favor of the defendant. Thereupon the plaintiff sign company filed its appeal in the Superior Court, and a trial *de novo* was had therein, the court sitting without a jury. The Superior Court made findings in favor of the appellant sign company and rendered its judgment in accordance therewith. Thereafter the defendant made a motion for a new trial, which the court denied.

The findings recited that: " . . . plaintiff agreed to construct and sell to defendant a Neon electric sign and to install said sign on the premises operated by defendant in Sacramento, California, and service the same for a period of one year after installation; that plaintiff did construct and install a Neon electric sign, . . . and said sign as finally

installed, was accepted by defendant and used continuously by him since the date of installation''; that, as agreed upon with said defendant, and ''for a period of one year after installation'', the plaintiff ''serviced said sign and kept the same in operating condition during said period''; and that the ''reasonable value of the construction, installation and servicing of the sign is the sum of $517.20''. The court also found that all the allegations in the answer of the defendant which were inconsistent with the foregoing findings were ''untrue and unsupported by evidence''.

The principal contention of petitioner herein is that the Superior Court exceeded its jurisdiction in rendering a judgment based on a finding as to the ''reasonable value of the construction, installation and servicing of the sign'', whereas the complaint set out a cause of action on an *express* contract. Petitioner asserts that at the trial he objected to the reception of evidence relating to an implied contract; that findings based thereon were wholly outside the issues presented by the pleadings and, therefore, that the making of such findings was in excess of the court's jurisdiction. On the other hand, the respondents contend that the matters complained of by petitioner did not amount to the performance of acts in excess of the court's jurisdiction, but that, at most, they merely constituted error on the part of the Superior Court in pursuance of its authority to act in the matter (Code Civ. Proc., sec. 1074). If the latter contention is correct, the demurrer should be sustained and the judgment affirmed.

It is well settled that the writ of *certiorari* will not lie unless it can be said that the inferior tribunal has *exceeded* its jurisdiction. (Code Civ. Proc., sec. 1068.) As was said in the case entitled *Howe* v. *Superior Court*, 96 Cal. App. 769, 772 [274 Pac. 992], ''The writ of *certiorari* is an extraordinary remedy, equitable in its nature, the issuing of which rests in the sound discretion of the court.'' It lies only when the final determination of an inferior court, tribunal, or board is in excess of its jurisdiction. ''The language of the section [Code Civ. Proc., sec. 1068], limits it to cases where the tribunal 'has exceeded' its jurisdiction.'' (*Holabird* v. *Railroad Commission*, 171 Cal. 691, 694 [154 Pac. 831] ; *Sayers* v. *Superior Court*, 84 Cal. 642 [24 Pac. 296].)

To the same effect is the case entitled *McLaughlin* v. *Industrial Acc. Com.*, 87 Cal. App. 469, 470 [262 Pac. 53],

where the court said: "In order that relief by *certiorari* may be granted there must have been an excess of jurisdiction by a tribunal exercising judicial functions; and an excess of jurisdiction is to be distinguished from errors of either law or fact committed by a judicial tribunal within the limits of its jurisdiction (*In the Matter of Hughes,* 159 Cal. 360, 363 [113 Pac. 684]; *Karry* v. *Superior Court,* 162 Cal. 281 [122 Pac. 475, 128 Pac. 760])." (See, also, authorities cited in Vol. 3, Cal. Jur. Ten-year Supp., p. 363.)

Likewise, in the case entitled *Monreal* v. *Bush,* 46 Cal. 79, it was said (syllabus) that, "*Certiorari* does not lie to review an erroneous judgment which the Court below *had jurisdiction to render*", and it was there held that rendition of a judgment for a demand which was not due when the action was commenced was not an act in excess of jurisdiction, but was merely error in the exercise of jurisdiction. (Emphasis added.)

In the case of *Karry* v. *Superior Court,* 162 Cal. 281, 284–286 [122 Pac. 475, 128 Pac. 760], the distinction between error in the exercise of jurisdiction and a judgment rendered in excess of jurisdiction is discussed. In that case the court said, "a court has jurisdiction to decide wrongly as well as correctly, and the only remedy of a party aggrieved by a merely erroneous decision is such as may be afforded by our statutory provisions relating to motions for a new trial and appeals. If no such remedy be given, the action of the trial court *within its jurisdiction* is conclusive. . . . We have here no different case in principle from the one we would have if the action had been one on a promissory note for one hundred dollars, appealed to the superior court, and not only the answer and the uncontradicted evidence, but also the findings showed that the note had been fully paid, and nevertheless the superior court had given judgment in favor of the plaintiff for the full amount of the note. Such a judgment would, of course, be erroneous, but there would have been no excess of jurisdiction, and the aggrieved party would have been without any remedy by way of *certiorari.* A judgment that fails to accord to a party his legal rights is, of course, always to be regretted. But there must be a point in every proceeding beyond which the law will not permit further controversy as to the merits of the case. In actions of the character of the one under consideration, . . . the final appellate jurisdiction

is in the superior court. Even if the judgment of that court on the merits was clearly erroneous in this case, a question we do not decide, it is final and conclusive, no excess of jurisdiction being made to appear." (See, also, to the same effect, *Borchard* v. *Board of Supervisors*, 144 Cal. 10, 14 [77 Pac. 708].)

However, in the instant case it is contended by the respondents that the findings were not in fact outside the issues raised by the pleadings. Petitioner's contention that plaintiff's recovery, if any, must have been based only on the allegations of his complaint is not tenable. ▉ In determining the issues raised, the pleadings of *both* parties must be considered. (14 Cal. Jur., p. 973.) In view of the admissions and the other matters set up by defendant in his answer in the instant case, the issues before the court necessarily would not be limited to the allegations of the complaint. Thus in the case entitled *Rogers* v. *Riverside Land etc. Co.*, 132 Cal. 9, 11 [64 Pac. 95], the court said: "Appellant's counsel is mistaken in supposing that issues in a cause can be raised only by allegations in the complaint controverted by the answer. Very frequently the most important issues tried in a cause arise outside of the allegations in the complaint. In addition to the denials contained in the answer, it may contain a statement of new matter constituting a defense, and the statement of such new matter in the answer, on the trial, is deemed controverted by the opposite party; and an issue arises from such new matter in the answer thus controverted by implication of law. (Code Civ. Proc., secs. 437, 462, 588, 590.)"

Also, in 14 Cal. Jur., pp. 986, 987, the rule is stated that " . . . in contested cases the relief granted is not limited to that specifically prayed for, as is the case where judgment goes by default; any relief authorized by the facts alleged and proved or admitted may be awarded. The defendant, by answering, may enlarge the scope of the relief to any extent consistent with the pleadings and embraced within the issues. Hence relief, though not specifically prayed for, may be granted with respect to matters as to which an issue is raised by the denials and averments of the answer". Again, at page 990, it is said, "Since there is but one form of civil action under the code the court may grant any relief embraced within the issues. The fact that a party has misconceived

the relief to which he is entitled does not alone justify a total denial of relief, but a plaintiff may recover if his complaint states any cause of action entitling him to any relief either at law or in equity.'' Likewise, it is stated in *Union Oil Co.* v. *Mercantile Refining Co.*, 8 Cal. App. 768, 771 [97 Pac. 919], ''Under our liberal system of pleading and practice plaintiff is not [to be] denied any relief, if justified by his pleading and evidence, simply because he fails to prove that he is entitled to the full measure that he claims.''

To the same effect is the case entitled *Howard* v. *D. W. Hobson Co.*, 38 Cal. App. 445, 449, 452 [176 Pac. 715], where it is said: ''The rule in this state with respect to the construction of a pleading, for the purpose of determining its effect, is that its allegations must be liberally construed, with a view to substantial justice between the parties. (Code Civ. Proc., sec. 452.) It is not to be assumed from that rule of construction, however, that by construction there may be inserted in a pleading vital pretermitted averments, or averments which are neither directly set forth therein nor reasonably within the fair import of the language of those which are set forth. But if the averments themselves may, without a strained construction, or without doing violence to language, be held clearly to imply or state a fact essential to the statement of a cause of action or to the support of the theory upon which reliance must be had to make out a case or a defense, then the rule of the code should be invoked and the pleading construed with a view to the promotion of substantial justice between the parties to the action.''

An analysis of the pleadings in the instant case shows that an express contract for the construction and installation of an electric Neon sign was entered into between the parties; that an electric Neon sign was so installed by plaintiff on the premises of defendant, where it remained; and that defendant had paid nothing to plaintiff as consideration therefor. It was also alleged in the complaint that plaintiff had ''fully performed all of the conditions of said agreement on its part to be performed''. That allegation was denied in the answer, and it was affirmatively alleged therein that the sign that was erected was neither constructed nor installed in accordance with the terms of the express agreement; and that defendant had refused to accept the sign and had requested its removal. Therefore, it appears that the answer

sufficiently enlarged the issue tendered by the complaint to have permitted the reception of evidence relating to the question whether the sign so constructed and installed on defendant's premises was in accordance with the specifications of the agreement and thus entitled plaintiff to the full contract price; also, evidence thereby was admissible with respect to the amount of the reasonable value of said sign if it was found not to have been so constructed and installed, as alleged in the answer, but nevertheless had been accepted and retained by defendant. The trial court found that "said sign *as finally installed* was accepted by defendant and *used continuously by him since the date of installation*" (emphasis added) and that, "as agreed upon with said defendant", plaintiff "serviced said sign and kept the same in operating condition" for the period of one year after its installation. In the absence of a transcript of the evidence, we may assume that sufficient evidence was adduced to support those findings. Nor do we understand that they are challenged as being without evidentiary support. Considering the allegations of the pleadings, if there was evidence to show that defendant retained the sign, notwithstanding his asserted objections thereto, it may not fairly be urged that the trial court went outside the issues in imposing liability on him for the reasonable value thereof. ■ A party is entitled to "any and all relief which may be appropriate under the scope of his pleadings and within the facts alleged and proved, irrespective of the theory upon which they may be alleged. (*Haight* v. *Stewart,* 36 Cal. App. 514 [172 Pac. 769]; *Corey* v. *Struve,* 170 Cal. 170, 172 [149 Pac. 48].)" (*Lacey* v. *McConnell,* 9 Cal. App. (2d) 6, 9 [48 Pac. (2d) 161].) To the same effect, see, also, *McLean* v. *Ladewig,* 2 Cal. App. (2d) 21, 25 [37 Pac. (2d) 502]; *McAllister* v. *Union Indemnity Co.,* 2 Cal. (2d) 457, 460 [42 Pac. (2d) 305].

■ Even if we were to assume, for the purpose of illustration only, that the pleadings interposed by the parties in the instant case were not broad enough in their scope to justify the relief granted by the Superior Court, the error committed would have been merely an error in the exercise of jurisdiction. The court had jurisdiction of the parties and of the subject-matter. It had the authority to hear and determine, and to render a judgment on the issues presented.

Manifestly, the rendition of the judgment was not an act in excess of the jurisdiction of the court.

The demurrer is sustained, and the judgment is affirmed.