[Civ. No. 7476.   Third Dist.   June 14, 1948.]

INEZ ROSE, Petitioner, v. THE SUPERIOR COURT OF SAN JOAQUIN COUNTY et al., Respondents

Chas. H. Epperson for Petitioner.

Foltz & Rendon and C. P. Rendon for Respondents.

SCHOTTKY, J. pro tem.—Petitioner herein filed a petition for a writ of certiorari whereby she sought to have annulled a writ of habeas corpus and all proceedings connected therewith in a habeas corpus matter heard in the Superior Court of San Joaquin County. A writ was issued by this court commanding the respondent superior court to certify and return to this court a complete record of the proceedings in said habeas corpus matter.

Briefly stated the facts as they appear from the record are as follows:

Petitioner is the mother of one Donald Evans Washington, also called Donnie Evans Mercer, a child about 8 years old. The child was born in Kentucky and the mother of the child, petitioner herein, was abandoned by her then husband at the time of the child's birth. When only a few months old the child was adopted by R. H. Mercer and his wife, Sue Mercer, the parents of the petitioner herein, petitioner and her husband, the father of the child, having consented thereto. At that time petitioner and the child resided with her said parents in Kentucky, and the child continued to reside with said parents of petitioner until May of 1947, when he was brought to California by petitioner. The parents of petitioner, who are grandparents of the child and parents under the adoption proceeding, claimed that the child was brought to California with their permission upon petitioner's promise to return him to Kentucky at the end of three months. Upon the refusal of petitioner to return the child, her parents, R. H. Mercer and Sue Mercer, sent a representative to Stockton where petitioner resided with said child and filed in the Superior Court of San Joaquin County a petition for a writ of habeas corpus in and by which they sought to have the child returned to them. Petitioner herein filed a traverse in said habeas corpus proceedings, and also filed in the Superior Court of San Joaquin County an independent action in which she attacked the decree of adoption which had been entered in Kentucky as being fraudulent and void.

The hearing of the habeas corpus proceeding extended over several days. Petitioner herein attended with the child on the first day, but did not attend thereafter and on October 17, 1947, the court issued a writ of apprehension for the production of the child in court. On October 21st, the hearing having been concluded, the court made its order decreeing that the infant, Donnie Evans Mercer, was illegally restrained of his liberty by Inez Rose, petitioner herein, and that R. H. Mercer and his wife, grandparents and adopted parents of the child, were entitled to the custody of the child and ordering Inez Rose to deliver the child to them. Thereafter on October 27th Inez Rose filed in this court her petition for a writ of certiorari.

As was said by our Supreme Court in *Estrin* v. *Superior Court*, 14 Cal.2d 670, at page 674 [96 P.2d 340]:

"It is well settled that the writ of *certiorari* will not lie unless it can be said that the inferior tribunal has *exceeded* its jurisdiction. (Code Civ. Proc., sec. 1068.) As was said in the case entitled *Howe* v. *Superior Court*, 96 Cal.App. 769, 772 [274 P. 992], 'The writ of *certiorari* is an extraordinary remedy, equitable in its nature, the issuing of which rests in the sound discretion of the court.' It lies only when the final determination of an inferior court, tribunal, or board is in excess of its jurisdiction. 'The language of the section [Code Civ. Proc., sec 1068], limits it to cases where the tribunal "has exceeded" its jurisdiction.' (*Holabird* v. *Railroad Commission*, 171 Cal. 691, 694 [154 P. 831]; *Sayers* v. *Superior Court*, 84 Cal. 642 [24 P. 296].)

"To the same effect is the case entitled *McLaughlin* v. *Industrial Acc. Com.*, 87 Cal.App. 469, 470 [262 P. 53], where the court said: 'In order that relief by *certiorari* may be granted there must have been an excess of jurisdiction by a tribunal exercising judicial functions; and an excess of jurisdiction is to be distinguished from errors of either law or fact committed by a judicial tribunal within the limits of its jurisdiction (*In the Matter of Hughes*, 159 Cal. 360, 363 [113 P. 684]; *Karry* v. *Superior Court*, 162 Cal. 281 [122 P. 475, 128 P. 760]).' (See, also, authorities cited in Vol. 3, Cal.Jur. Tenyear Supp. p. 363.)

"Likewise, in the case entitled *Monreal* v. *Bush*, 46 Cal. 79, it was said (syllabus) that, '*Certiorari* does not lie to review an erroneous judgment which the Court below *had jurisdiction to render*', and it was there held that rendition of a judgment

for a demand which was not due when the action was commenced was not an act in excess of jurisdiction, but was merely error in the exercise of jurisdiction. (Emphasis added.)

"In the case of *Karry* v. *Superior Court*, 162 Cal. 281, 284-286 [122 P. 475, 128 P. 760], the distinction between error in the exercise of jurisdiction and a judgment rendered in excess of jurisdiction is discussed. In that case the court said, 'a court has jurisdiction to decide wrongly as well as correctly, and the only remedy of a party aggrieved by a merely erroneous decision is such as may be afforded by our statutory provisions relating to motions for a new trial and appeals. If no such remedy be given, the action of the trial court *within its jurisdiction* is conclusive. . . . We have here no different case in principle from the one we would have if the action had been one on a promissory note for one hundred dollars, appealed to the superior court, and not only the answer and the uncontradicted evidence, but also the findings showed that the note had been fully paid, and nevertheless the superior court had given judgment in favor of the plaintiff for the full amount of the note. Such a judgment would, of course, be erroneous, but there would have been no excess of jurisdiction, and the aggrieved party would have been without any remedy by way of *certiorari*. A judgment that fails to accord to a party his legal rights is, of course, always to be regretted. But there must be a point in every proceeding beyond which the law will not permit further controversy as to the merits of the case. In actions of the character of the one under consideration, . . . the final appellate jurisdiction is in the superior court. Even if the judgment of that court on the merits was clearly erroneous in this case, a question we do not decide, it is final and conclusive, no excess of jurisdiction being made to appear.' (See, also, to the same effect, *Borchard* v. *Board of Supervisors*, 144 Cal. 10, 14 [77 Pac. 708.)' "

In *In re Hughes*, 159 Cal. 360 [113 P. 684], the court said at page 363:

"But this is not an appeal from the decision in the *habeas corpus* case. No appeal lies from a judgment given in a proceeding in *habeas corpus*. (*In re Perkins*, 2 Cal. 430; *People* v. *Schuster*, 40 Cal. 627.) This is an application for a writ of review or *certiorari*. The supreme court has jurisdiction in *certiorari* to review a judgment of the superior court only in a case where that court has exceeded its jurisdiction (Code Civ.

Proc., sec. 1068), and in such cases only for the purpose of inquiring whether or not the judgment sought to be reviewed was in excess of jurisdiction, or as the code expresses it, 'the review upon this writ cannot be extended further than to determine whether the inferior tribunal, board, or officer has regularly pursued the authority of such tribunal, board, or officer.' (Code Civ. Proc., sec. 1074.) If such tribunal has regularly pursued its authority, our inquiry stops. We cannot consider or correct errors of law committed by the inferior court in the exercise of its authority on the merits of the cause it has jurisdiction to entertain and decide. No matter how erroneous that decision may be, even on the face of the record, we have no power to change, annul, or reverse it in this proceeding, if that court had jurisdiction to act in the matter before it. This has been repeatedly stated in former decisions of this court.''

The court also stated, at page 366:

''The conclusion necessarily follows that we have no power, in a proceeding in *certiorari*, to annul a judgment of the superior court, or an order of a judge thereof, regularly made after obtaining jurisdiction of the parties, discharging a prisoner lawfully committed to the state prison upon conviction of a crime. There appears to be no lawful method of reviewing such judgment or order, however erroneous it may be. If such review is desired, it can be provided only by legislative act authorizing an appeal by the state or some other mode of annulling such judgment of discharge.''

That the superior court has jurisdiction to entertain an application for a writ of habeas corpus for the purpose of obtaining the custody of a minor child is well established by numerous decisions. In 13 California Jurisprudence, page 251, it is stated:

''Habeas corpus is the proper procedure to release an infant from all manner of illegal restraint and to determine matters of custody. Thus, the writ is available to determine whether one who has custody without authority of legal proceedings is entitled to such custody and to release the child if the restraint is found to be unlawful; and the writ will lie even though such person no longer has custody, if he has secreted the infant in anticipation of the writ, and it appears that the child may be produced. If custody has been awarded by a decree of a competent tribunal the writ is available to compel the delivery of the child to the one declared entitled to such

custody, and comity requires that the judgments of sister states in this regard be recognized.''

It is clear, therefore, that the Superior Court of San Joaquin County did not exceed its jurisdiction in making the orders sought to be annulled and under the authorities hereinbefore set forth this court is without power in this proceeding to vacate and annul said orders.

In view of the foregoing, the writ of certiorari heretofore issued by this court should be and the same is hereby discharged.

Adams, P. J., and Thompson, J., concurred.

A petition for a rehearing was denied July 12, 1948, and respondents' petition for a hearing by the Supreme Court was denied August 12, 1948. Carter, J., and Traynor, J., voted for a hearing.