[Civ. No. 14270. First Dist., Div. One. Jan. 10, 1950.]

Estate of HAZEL RYKER, Deceased. MAY F. DUNHAM, as Administratrix, etc., et al., Petitioners, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

Robert E. Hatch, Norman S. Stimmel and Emmet B. Hayes for Petitioners.

A. J. Zirpoli for Respondents.

WARD, J.—A writ of certiorari was issued to review the action of the probate court denying a motion made under section 473 of the Code of Civil Procedure to vacate an order made confirming the sale of real estate. (Prob. Code, § 755.) An appeal was taken from the order denying the motion made under the aforesaid section 473, which was dismissed by the appellate court on the ground that the order of denial was not appealable. (Prob. Code, § 1240; *Estate of Ryker*, 92 Cal.App.2d 162 [206 P.2d 406].)

It was stipulated that the record on appeal (92 Cal.App.2d 162) could be used by this court in determining the merits of the petition for certiorari. The clerk's transcript on the appeal sets forth a notice of intention filed in the Superior Court of the City and County of San Francisco to sell "to the highest and best bidder" certain real estate in the estate of Hazel Ryker (the identical property described in the Code of Civil Procedure, section 473, proceeding). The notice is signed by the administratrix, May F. Dunham, and requires that all bids and offers should be submitted to the administratrix at a designated room in Mills Tower, San Francisco (4), California. The attorney representing the administratrix maintains law offices in Mills Tower. The report of sale and petition for confirmation are verified by the attorney for the administratrix allegedly "for the reason that said petitioner is outside the City and County of San Francisco," and avers that he "knows the contents" of the petition. The report of sale and petition for confirmation set forth that: "Said sale was accomplished through Paul R. Weisenberger and by reason thereof said Paul R. Weisenberger is entitled to a 5% real estate commission in the amount of $837.50. WHEREFORE, petitioner prays that this report be accepted and said sale be confirmed; that petitioner be authorized and directed to execute a deed of said property to said purchaser upon the payment by him of the unpaid balance due under said contract; that petitioner be authorized and directed to pay the sum of $837.50 as real estate commission on said sale to Paul R. Weisenberger, and for such other order as may be proper." This allegation was made positively and is not on information and belief.

Following a hearing on the report of sale and petition for confirmation, the court made its order confirming sale, which in part provides: "IT IS HEREBY FURTHER ORDERED that said administratrix pay the sum of $837.50 to Paul R. Weisenberger as and for realtor's commissions." An order confirming the sale of property is appealable. (Prob. Code, § 1240.) However, no appeal was filed from the order confirming the sale.

Subsequently, an order to show cause was served upon the administratrix and her attorney with respect to the nonpayment to Paul R. Weisenberger of the realtor's commission directed to be paid to him under the order confirming the sale of real estate. Shortly thereafter a motion to amend the confirming order was filed upon the ground that the portion with respect to the payment of $837.50 as realtor's commis-

sion should be expunged therefrom as it "was included in said Order through mistake, surprise, inadvertence and excusable neglect." A hearing was had and the motion to amend the order was denied. Thereupon a notice of appeal from the order denying relief under Code of Civil Procedure, section 473, was filed. The appellate court dismissed the appeal upon the ground that "No provision is found for an appeal from an order denying an amendment to or the vacation of an order of confirmance." (*Estate of Ryker*, 92 Cal.App.2d 162 [206 P.2d 406], citing *Estate of O'Dea*, 15 Cal.2d 637 [104 P. 2d 368, and *Estate of Brady*, 32 Cal.2d 478 [196 P.2d 881].)

 As previously stated, the purpose of the present petition for a writ of certiorari is to have this court review the motion and order made under section 473 of the Code of Civil Procedure and to determine the precise question raised on the aforementioned appeal. (92 Cal.App.2d 162.)

The applicability of Probate Code, section 760, to the facts on this certiorari petition has been suggested. In view of the decision that has been reached herein that a writ of review may not be substituted for an appeal, it is not necessary to consider the question. The problem presented on its merits resolves itself into the sufficiency of the evidence to sustain the order confirming the sale of the real estate. As no appeal was taken from that order, the real question on this proceeding is whether under the guise of certiorari a test may be made of the validity of an appealable order from which the aggrieved parties, if they were aggrieved, failed to appeal.

No claim is made that the probate court did not have jurisdiction of the subject matter and the parties concerned in making the order confirming the sale. "Certiorari lies only where there is no appeal. . . . The distinction between certiorari and appeal is clear, in that in certiorari the supervisory authority of the reviewing court does not extend beyond the question of jurisdiction. Under no circumstances can the writ of review be extended to the merits, as is the case in appeals from judgments of inferior courts. Certiorari cannot be substituted for an appeal; nor can it be used as a mere writ of error for the correction of mistakes, either in law or fact, committed by the inferior tribunal within the limits of its jurisdiction, whether there is an appeal or not." (4 Cal.Jur. § 3, pp. 1021-1022; *Wilde* v. *Superior Court*, 53 Cal.App.2d 168 [127 P.2d 560]; *Homan* v. *Board of Dental Examiners*, 202 Cal. 593 [262 P. 324]; *Gladding* v. *Superior Court*, 7

Cal.2d 408 [60 P.2d 857] ; *Estrin* v. *Superior Court,* 14 Cal.2d 670 [96 P.2d 340].) In *Redlands High School District* v. *Superior Court of San Bernardino County,* 20 Cal.2d 348 [125 P.2d 490], the court stated, at page 350 : ''The writ of certiorari is available in this state only if the following conditions are present: (1) an excess of jurisdiction on the part of an inferior tribunal; (2) no right of appeal; and (3) no other plain, speedy and adequate remedy. (Code Civ. Proc., § 1068; . . .) '' ▮ In the present proceeding there was no excess of jurisdiction, and there was a right of appeal.

The petition may not be entertained. It is immaterial that the attorney for the administratrix claims that he made a mistake, which in any event the trial court evidently did not believe. The court had jurisdiction to confirm the sale.

The writ is dismissed.

Peters, P. J., and Bray, J., concurred.

A petition for a rehearing was denied February 9, 1950, and the following opinion was then rendered :

THE COURT.—On this petition for rehearing it is urged that an appeal from the order confirming sale would not have permitted petitioners to secure a review of their motion, made under section 473 of the Code of Civil Procedure, to amend the order confirming sale by striking out the provision relating to the realtor's commission. Even if it be assumed that the nonappealable order here involved may be reviewed on certiorari, the action of the trial court cannot be disturbed. This motion was addressed to the sound discretion of the trial court. It had before it the documents prepared by petitioners' attorney setting forth the facts, the subsequently filed affidavit and the evidence. We cannot say, as a matter of law, that the trial court abused its discretion in denying the motion. It had evidence before it that sustains its position.

Petitioner's application for a hearing by the Supreme Court was denied March 6, 1950.