Filed 1/19/16  Reese, as Trustee v. Reese CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| DAVID M. REESE, as Trustee, etc., | B264733 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BP150771) |
| v. | |
| STEVEN REESE, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Daniel S. Murphy, Judge.  Affirmed in part and reversed in part with instructions.

Jay Oberholtzer for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

# I.  INTRODUCTION

Plaintiff, David M. Reese, is the trustee of the Leonard A. Reese Living Trust of March 23, 2006 (the trust).  Plaintiff is Leonard's son.  Leonard had two other sons, Dennis A. and Steven E. Reese [1].  Steven is the administrator of Leonard's estate.  Plaintiff filed a petition seeking to confirm that certain real property was owned by the trust.  Steven objected to plaintiff's petition.  The probate court found in plaintiff's favor and ruled the real property was owned by the trust.  However, the probate court further ruled that the trust did not address how the real property would be distributed.  The probate court ruled the real property should pass to Leonard's intestate estate because there was no will.  In his capacity as trustee, plaintiff appeals from a final order following a brief trial based on the agreed-to submission of documents.

Plaintiff does not appeal from the probate court's finding that the trust owned the real property.  However, plaintiff asserts the probate court erred by ruling on issues not before it.  We conclude the probate court erred because it acted in excess of the issues posited by plaintiff's petition.

# II.  BACKGROUND

## A.  The Trust, the Grant Deed, and the Will

On October 29, 2001, Leonard executed a trust transfer deed.  He transferred real property located at 3763 Iroquois, in Long Beach, California (the Iroquois property) to himself as trustee.  The trust transfer deed was notarized.  On October 29, 2001, Leonard also executed a living trust.  The trust superseded the October 29, 2001 trust.

On March 28, 2006, Leonard executed a "Declaration of Trust," which is the trust at issue here.  In the trust, Leonard named himself as the primary trustee.  Plaintiff was

---

[1]     Several family members share the same last name.  For clarity, we will refer to them by their first name.  No disrespect is intended.

named as successor trustee.  Article Two, section A of the trust discusses the plan of distribution upon Leonard's death:  "2.  My natural children are DENNIS A. REESE AND STEVEN E. REESE AND DAVID M. REESE.  Their share of any inheritance or gift is set forth below. . . .  [¶]  3.  I direct that my successor trustee divide my personal effects, including automobiles, boats, sporting equipment, jewelry, furniture, furnishings, china, glassware, silver and household equipment . . . among the following named beneficiaries . . . .  The named beneficiaries for purposes of this paragraph are:  DAVID REESE."  Section C of the trust discusses disinheritance in specific detail (emphasis original):  "I have consciously not named DENNIS A. REESE AND STEVEN E under the terms of this document.  They shall take nothing under the terms of this trust and shall not share in my estate whatsoever."

On March 28, 2006, Leonard also signed a "Last Will and Testament."  However, the will was witnessed by only one other person.  Plaintiff did not offer the will into probate.  Leonard died November 20, 2010.

## B.  The Petition

On April 1, 2014, plaintiff filed a petition to confirm the trust's ownership of the Iroquois property pursuant to Probate Code sections 850, subdivision (a)(3)(A) and 17200.1.  Plaintiff relied on:  the transfer trust deed; Schedule A of the trust which provides that "All Real Estate" is an asset of the trust; and the "Comprehensive Transfer Document" which provides that "real estate wherever located" is transferred to the trust.  On June 10, 2014, plaintiff supplemented his petition.  Plaintiff's first supplement to the petition states that the disposition of the Iroquois property would be the subject of a second petition.

Steven filed objections to the petition.  He asserted the trust transfer deed failed to name the trust to which the real property would be transferred.  Steven contended the failure to name the trust rendered the transfer ineffective.

3

## C. Statement of Decision and Final Order

On February 9, 2015, the probate court heard the matter. Without objection, the parties submitted the documents as evidence and called no witnesses. On February 23, 2015, following the trial, the probate court issued its statement of decision. The probate court found the Iroquois property was an asset of the trust. The probate court cited *Estate of Heggstad* (1993) 16 Cal.App.4th 943, 947-950. (See *Ukkestad v. RBS Asset Finance, Inc.* (2015) 235 Cal.App.4th 156, 160-161 [requirements for inclusion of property in trust].) This issue is not before us.

The probate court then found the Iroquois property had failed to transfer. The probate court found that the trust had no residuary clause and did not specify how to distribute the real property. The probate court ruled there was a failure to transfer under Probate Code section 21111, subdivision (a)(3). The probate court ruled the Iroquois property should be transferred to Leonard's estate. Because there was no will, the probate court decided the Iroquois property would pass by intestacy.

On April 9, 2015, the probate court issued its final order, which is labeled a judgment. Parts six and seven of the order state: "6. Since the Declaration of Trust does not address how real property will be distributed [a]nd does not have a residuary clause, the Iroquois property is transferred to the decedent's estate, Los Angeles Superior Court, Central District, case number BP 145751. [¶] 7. The Iroquois property passes by intestacy." This appeal followed.

## III. DISCUSSION

Plaintiff appeals only parts six and seven of the probate court's order. Because the matter was submitted on the donative documents and the petition, we apply the de novo standard of review. (*Estate of Powell* (2000) 83 Cal.App.4th 1434, 1439-1440; *Ike v. Doolittle* (1998) 61 Cal.App.4th 51, 73.) Plaintiff asserts the probate court ruled in excess of the petition. We agree.

4

Our Supreme Court has held:  "A party is entitled to 'any and all relief which may be appropriate *under the scope of his pleadings* and within the facts alleged and proved, irrespective of the theory upon which they may be alleged.'  [Citations.]"  (*Estrin v. Superior Court* (1939) 14 Cal.2d 670, 678 [emphasis added]; *In re Marriage of Neal* (1979) 92 Cal.App.3d 834, 847; see 2 Witkin, Cal. Procedure (5th ed. 2008) Jurisdiction, § 291, p. 901 ["Irrespective of whether the complaint states a cause of action, it is error to give a remedy or relief entirely outside the issues raised by the pleadings."]; 7 Witkin, Cal. Procedure (5th ed. 2008) Judgment, § 29, p. 569 ["Obviously, a judgment must be within the issues raised by the pleadings or at the trial."].)  Here, plaintiff did not seek a determination as to how the Iroquois property should be distributed.  Plaintiff sought only a determination as to whether the Iroquois property is a part of the trust.  The probate court had no authority to grant relief favorable to Steven, who filed no petition seeking any relief.  We express no opinion as to how the Iroquois property should be distributed.

## IV.  DISPOSITION

The April 9, 2015 final order is reversed only as to parts six and seven.  The order is otherwise affirmed.  All parties are to bear their own costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


TURNER, P. J.


We concur:

BAKER, J.              KUMAR, J. *

---

*        Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5